DUDLEY v. THE MINNESOTA AND NORTHWESTERN RAILWAY COMPANY.

1. **Railroads**: RIGHT-OF-WAY DAMAGES : APPEAL : EVIDENCE. Where defendant made application to the sheriff to appoint a jury to assess the damages which the owner of land would sustain by the appropriation of a right of way over certain government subdivisions, describing them, and the land-owner appealed from the award, and described the premises in his notice as they were described in the application, and the land so described was only a part of his farm, *held* that this did not preclude him from proving and recovering the damage to his whole farm from the appropriation of the right of way. (Compare cases cited in opinion.)

2. ——— : ——— : INSTRUCTIONS. Instructions to the effect that inconveniences in the use of a farm, and necessary danger from fire, resulting from the appropriation of a right of way for a railroad over the farm, are to be considered, in estimating the owner's damages, only as they bear upon the market value of the farm after the appropriation, are *held* to be correct. (*Lance v. Railway Co.*, 57 Iowa, 636, *distinguished.*)

3. ——— : ——— : EVIDENCE : ASSESSED VALUE. While an assessor might be a very competent witness *as to the* value of a farm before and after it was crossed by a railroad, the valuation put upon it by him as assessor for successive years is not competent evidence, and the assessment rolls cannot be used for that purpose.

4. ——— : ——— : EXCESSIVE VERDICT. A verdict of $1,700 for damages to a farm of three hundred and eighteen acres, where some of the witnesses testified that the farm was damaged to the extent of ten dollars per acre, cannot be said to be excessive.

*Appeal from Fayette District Court.*—HON. L. O. HATCH, Judge.

FILED, MAY 14, 1889.

PROCEEDINGS for the assessment of damages for the establishment of defendant's right of way. From an assessment of damage by the jury in the district court the defendant appeals.

*Fouke & Lyon* and *Lusk & Bunn*, for appellant.

*Ainsworth & Hobson* and *Hoyt & Hancock*, for appellee.

GRANGER, J.—The sheriff's jury, to assess the damage for the location of the right of way over plaintiff's land, was summoned at the instance of defendant. The application is for appraisers to assess the damages "for a one-hundred foot right of way in and over the following described tracts or parcels of land, * * * to-wit : The north half of the southeast quarter, and the southwest quarter of the northeast quarter. * * *" The application then directs the sheriff to "appoint six freeholders of the county," etc., "to assess the damage which the said Dudley will sustain by the appropriation of said right of way." The language in the notice of appeal is that he appeals "from the award and assessment of damages, * * * sustained by reason of the location and construction of the railroad over and across the following described real estate :" (then describing the same land as in the application.)

I.   The land described is one hundred and twenty acres, and the plaintiff's farm consists of three hundred and eighteen acres ; and on the trial the plaintiff was allowed to prove the damage to the entire farm, and the defendant assigns that as error, and insists that the inquiry should have been limited to the premises described in the notice of appeal. It is to be noticed that neither the application by defendant for the assessment, nor the notice of appeal by plaintiff, in any manner indicates that there is to be an assessment of damages only to the premises described ; but in the application for an assessment the premises are described as those crossed by the right of way, and the damages are such as he will "sustain by the appropriation of the right of way." The premises from which the right of way is taken are described, and the damages legitimately resulting therefrom are to be assessed. It is

<div style="margin-left:2em">1. RAILROADS: right-of-way damages: appeal: evidence.</div>

from such an assessment that the plaintiff appealed to the district court.

The case is stronger against appellants than *Cox v. Railway Co.*, 76 Iowa, 306. It is unnecessary to refer to the many authorities bearing upon the right of assessment in such cases, as the plaintiff, by his application, has asked for all damages legally resulting from the appropriations; and, when a farm is crossed on a right of way, that the damage to the entire farm may be considered in estimating damages is hardly an open question in this state. There is nothing in the case of *Ball v. Railway Co.*, 71 Iowa, 306, not in harmony with this holding. It is not held therein that all the land damaged must be described in the papers in such cases. In commenting on the testimony some language is used as to certain lands not being described in the papers. It is used evidently more with reference to the confused state of the record than otherwise, as it seems some of the land was not traceable to any definite location.

II. Complaint is made of the seventh instruction given by the court in these words: "You will notice that your inquiry is not confined to the
THE SAME.    three forties actually crossed by the railroad, but you are required to ascertain from the evidence the damages which the plaintiff will sustain in consequence of this appropriation." It is in harmony with the rule herein announced as to the admission of testimony, and is correct.

III. The eleventh and twelfth instructions given by the court are claimed to be erroneous, and are as
2. ——: ——.    follows: "(11) So, in seeking the value of
instructions.    this farm immediately after the right of way was taken, you will consider not only the opinion of witnesses, but the facts upon which a just opinion ought to be based. You will consider not only the loss of the land actually taken, but the condition in which the farm was left after the appropriation, and every inconvenience naturally resulting from such appropriation by

which the market value of the farm was then unfa-
vorably affected. I need not enumerate these inconven-
iences in detail. You are not to allow damages for these
inconveniences as such, but you are to consider them
for their bearing, and only for their bearing, on the
market value of the farm to which such inconveniences
are attached. To illustrate: If you find among these
inconveniences the necessity of opening gates, and cross-
ing the railroad often, in conducting the operations of
the farm, you will not attempt to estimate the damages
resulting from this inconvenience, and make this esti-
mate a part of your assessment; but in estimating the
fair value of the farm you will look at the farm with
this inconvenience attached, and give it due weight in
making this estimate. (12) You cannot assume that the
owner of this farm will some time be injured by fire in
consequence of defendant's negligence, and you cannot
assess damages on this account; but if you believe the
necessary danger from fire in operating the defendant's
trains over this farm is a fact which would tend to
depreciate the value of such farm, then this danger from
fire may be considered with other things in seeking the
value of this farm immediately after the appropriation.
The same method of investigation will guide you in
considering every inconvenience that can be properly
considered by you."

It is urged that the eleventh instruction is in conflict
with the rule laid down in *Lance v. Railway Co.*, 57
Iowa, 636. The comments of the court in that case,
when carefully read, do not support the conclusion
placed on them by appellant. It is not therein held
that in so far as the location of the road would lessen
the market value of the farm on account of danger
from fire or other causes, it could not be considered.
It is there stated that "the evidence as to continual
danger from fires set out by the engines used in operat-
ing the road was incompetent, because mere matter of
opinion," etc. The court says: "It was competent to
show the situation of the grove and buildings, and the
jury were as well qualified as the witnesses to determine

Dudley v. The Minnesota & N. W. Ry. Co.

the probable effect upon the property by the operation of the road." The idea in that case was that the testimony admitted would lead to improper results; but the spirit of the reasoning is in harmony with the instructions given in this case. We think the law, as stated in both instructions, correct, and very fairly given.

IV. The defendant offered to prove the assessed valuation of the lands for the years 1885 and 1886, and the testimony was excluded by the court, and appellant says this was error. The argument is that the assessor would certainly be a competent man to give an opinion on such values, and that the testimony as to value was based on opinion. It is true the assessor may have been a very competent man to give testimony as to the value of the farm, but the objection was not to him but to a written statement of his. If he had been offered as other witnesses who gave their opinions, and subject to cross-examination, we might have a different record. We know of no authority or reason for admitting the assessment roll as evidence of value between third parties.

*3. —: —: evidence: assessed value.*

V. It is urged that the verdict is excessive. The jury allowed seventeen hundred dollars damages to a farm of three hundred and eighteen acres. Quite a number of witnesses fix the value of the farm at ten dollars per acre less after the location of the road, which would fix the damage at three thousand, one hundred and eighty dollars. Considering all the testimony, we think the verdict of the jury very conservative, and free from prejudice. They were required to be governed by the testimony as they believed it.

*4. —: —: excessive verdict.*

VI. The court refused to the defendant a change of venue, but we see nothing in the record to show an abuse of discretion in that respect, and we should not interfere.          AFFIRMED.