123   349
136   747

123   349
138   286

123   349
f141  627

CHARLES H. CRONK, v. THE WABASH RAILROAD COMPANY,
Appellant.

Railroads: EXPERT TESTIMONY.   Where an expert witness in his
1   direct examination testified to his knowledge of a disease, as
gained from experience and reading, his cross-examination as
to his information gained from the authorities was not impro-
per as calling for the contents of medical works.

Evidence.   Where a party has availed himself of improper testi-
2   mony on direct examination, he cannot complain that the
other party has gone into the same matter on cross-examina-
tion.

Evidence: OPINION.   Where it appears that a witness has had
3   experience in estimating the speed of trains, she is qualified
to express an opinion as to the speed of the train upon which
she is riding.   In this case the showing of qualification is
held sufficient.

Evidence: MOTION TO STRIKE.   In an action for injuries to a pas-
4   senger, owing to derailment of the train, evidence of the con-
dition of the track at the time of trial was immaterial, and
though received without objection the court in its discretion
may strike it out on the motion of either party.

Expert Testimony.   The question of whether a heavy car drawn
5   along off the track will disturb the alignment of the rails is
not a matter of expert testimony.

Special Interrogatory.   ASSUMPTION OF INJURY.   A special inter-
6   rogatory as to whether the ties at the place of a railroad ac-
cident were so defective as to contribute to the injury of
plaintiff was not erroneous as assuming that the plaintiff was
injured.

Instruction: LIABILITY OF CARRIER OF PASSENGERS.   In an action
7   against a railway company for injuries to a passenger, an in-
struction that the company is not an absolute insurer of pas-
sengers was not erroneous on the theory that from the word
"absolute" the jury might have inferred that in a sense short
of absolute the company was an 'insurer, the degree of care
exacted from the company having been accurately defined.

Instructions: NEGLIGENCE: BURDEN OF PROOF. In an action for injuries to a passenger, the court instructed that if plaintiff had shown conditions either in the rolling stock or track from which the jury might find negligence, the burden was then on defendant to show that such conditions were not the cause of the accident and that it was in no manner negligent as claimed. *Held*, that the instruction was not erroneous as placing on defendant the burden of showing the cause of the accident and disproving every charge of negligence.

Negligence: BURDEN OF PROOF. Upon proof of injury from derailment of a train, the burden is upon the defendant to show its freedom from negligence.

Instructions: REFUSAL OF. It is not error to refuse an instruction on a question of damages which is not involved either in the pleadings or in the proof.

*Appeal from Wapello District Court.*—HON. M. A. ROBERTS, Judge.

MONDAY, MARCH 14, 1904.

On the 7th day of April, 1901, the plaintiff was a passenger in the caboose of defendant's freight train from Bloomfield to Belknap. On the way several cars, including the caboose, left the track, and, according to the petition, the plaintiff was injured. He recovered judgment for damages, from which the defendant appeals.—*Affirmed.*

*Geo. S. Grover, S. S. Carruthers* and *McNett & Tisdale* for appellant.

*Jaques & Jaques* and *Taylor & Scarborough* for appellee.

LADD, J.—One of the questions raised in the course of the trial was whether plaintiff was afflicted with diabetes, and, if so, whether the disease had been occasioned by the shock and injury received at the time of the accident. Dr. Young testified on direct examination that: "As medical science now stands, and among medical men, this disease of diabetes, in its origin, is not well known. The cases are rather obscure. * * * I would expect to look for

1. EXPERT testimony.

some external injury to that part of the anatomy [base of brain]. * * * I do not think that any cases that have come under my observation or reading where it is so attributive, unless evidence of external injury could be found." Upon cross-examination he was asked, "Don't you find in your authorities that railroad accident or shock is one of the determined causes, and is treated as one of the producing causes of diabetes?" The objection as incompetent and secondary evidence was overruled, and he answered in the affirmative. This question was then propounded: "Then from that answer we are to understand that diabetes may come from a shock or injury—a traumatism—and it is so treated in the books?" The same objection was overruled, and he answered, "Yes, sir." Appellant insisted that these questions called for the contents of medical works, which were held inadmissible in *Bixby v. Omaha Ry. Co.,* 105 Iowa, 293. But the witness had referred to what he had learned from the books and from reading, in his direct evidence, and the questions were strictly in cross-examination upon these subjects.

It is suggested, however, that, if the evidence on the direct was improper, the plaintiff ought not to have been permitted to cross-examine thereon. A party who avails himself of the improper evidence is not in a situation to complain if his adversary is permitted to go into the same subject-matter on cross-examination. The inquiry was theoretical, and therefore not determinative of the issue to be submitted to the jury, as contended by appellant.

2. EVIDENCE.

II. Dr. Kemble was allowed to testify to the rate of speed the train was moving at the time of the derailment. The defendant insists that her competency to express an opinion had not been shown. She had testified that she was "acquainted with the speed of trains, having had some experience and observation in that line." She had ridden frequently, and had "timed the train between stations with her watch, and otherwise, to determine its rate of speed." She had been noticing the motion of the train,

3. EVIDENCE: opinion.

and observing from the window the rapidity with which the telegraph and fence posts "whipped by." We think this showed her competency sufficiently to enable her to express an opinion, and the court rightly received her evidence. *Pence v. Ry.,* 79 Iowa, 389. If the rule in *Grand Rapids & Ind. R. Co. v. Huntley,* 38 Mich. 537 (31 Am. Rep. 321), were to be followed, the ruling of the court was correct, for the witness appears to have had "such extended experience and observation as to qualify" her for forming an opinion more or less reliable.

III. One Bryant, the roadmaster of the defendant, after showing his familiarity with the road, and saying that "the same rails are in there to-day that were there at the time of the wreck," was asked, "What, if any, change or additional ties did you see in the track now from what they were after the track was repaired?" Objection as immaterial and irrelevant was sustained. All of the evidence of the witness that the same rails were still in the track was then stricken out. The ruling was correct. It was immaterial what the condition of the track was at the time of the trial, thirteen months after the accident. He had already testified to its condition immediately after the accident. It is said, however, that, having been received without objection, the court erred in excluding it. *Leipird v. Stotler,* 97 Iowa, 174; *State v. Marshall,* 105 Iowa, 44, and other like decisions are relied on. While a litigant may not insist upon the exclusion of evidence which he allows to be introduced without objection, still it is within the discretion of the court to strike improper evidence upon motion of either party.

4. EVIDENCE: motion to strike.

IV. Exception is taken to the striking of an answer given by one Clark, but any prejudice was obviated by a subsequent answer covering substantially the same matter. Whether a heavy car being drawn along, off the track, by the train, could disturb the alignment of the rails, was a matter of common knowledge, and not the subject of expert evidence. The rulings on the objec-

5. EXPERT testimony.

tions to questions propounded to Lucas and Rawlins and evidence offered were so manifestly correct as to require no discussion.

The court submitted the following special interrogatory to the jury: "Do you find that the ties at the place of the accident were old, rotten, and decayed, so that such condition caused or contributed to the accident and injury of plaintiff?" It is argued that this assumed that the plaintiff had been injured, whereas that was one of the important issues in the case. We do not regard the question as open to this criticism. Indeed, it would be difficult to ask whether the defect in the ties occasioned the injury without mentioning the latter. If there were no injury, the defect could not have contributed to it; if there were, it must necessarily be named in inquiring whether the defect produced it.

6. SPECIAL interrogatory; assumption of injury.

V. The seventh instruction was a copy, substantially, of that approved in *Perishing v. Railway Co.*, 71 Iowa, 561. The last half, after calling attention to the high degree of care exacted from carriers of passengers, reads: "Yet they are not absoluely insurers of the safety of their passengers; and if you find that the defendant exercised all reasonable practical care, diligence, and skill in the construction, preservation, inspection, and repairs of its roadbed, track, rails, ties, trucks, wheels, and all of its appliances claimed to have been defective or out of repair, in the management and operation of its road, and of the train, at the time of the accident alleged and shown to have occurred, and that the accident could not have been prevented by the use of the utmost practical care, diligence, and skill consistent with the practical operation of its road and the transaction of its business, then plaintiff cannot recover in this action." It is said that by the word "absolutely" it might have been inferred that in a sense short of absolutely defendant was an insurer. This, however, is obviated by what follows, which indi-

7. INSTRUCTIONS: liability of carrier of passengers.

tates precisely the duty of the defendant. To speak of carriers as insurers in the transportation of passengers is not accurate, because their liability, if any, is bottomed on negligence. But the use of the expression could not have misled the jury, for that the degree of care exacted from the defendant was accurately defined in the eighth and other instructions.

VI. The eleventh instruction also is criticised, and may be set out: "If you find that the plaintiff has shown conditions existing at the time and place of the accident, either in the rolling stock or track involved and in use at the time and place thereof, in some respect as complained of, from which the jury may find and infer that the defendant was negligent in some manner as claimed, then the burden is cast upon the defendant of proving that such conditions or circumstances were not the cause of the alleged accident, and that it was not negligent in any manner as claimed in the construction, operation, or maintenance of the rolling stock or roadbed at the time and place of the alleged accident." It is said that if the jury found the roadbed or rolling stock defective in any one of the ten or twelve particulars alleged, this cast the burden of the proof upon the defendant to show that it was not negligent, not only as to that one, but as to all of the specifications contained in the petition. It was not incumbent upon the plaintiff, however, in the first instance, to prove any of these defects. Upon proof that the injury of plaintiff resulted from the derailment of the train, the burden of proof shifted, and was cast upon the defendant to show that the accident was not occasioned by any negligence on its part. *Whittlesay v. Railway,* 121 Iowa, 597; *Smith v. Railway,* 32 Minn. 1 (18 N. W. Rep. 828, 50 Am. Rep. 550. But appellant insists that, even though it then proved the efficient cause of the accident, under this instruction it was bound to go farther, and exculpate itself from every other charge of negligence stated in the petition. If the cause were proven, then the derailment could not have been

8. INSTRUCTIONS: negligence; burden of proof.

9. NEGLIGENCE: burden of proof.

occasioned by something else, and therefore, in establishing the cause and its freedom from negligence, the defendant necessarily proved that the derailment did not result from some other cause. Moreover, the instructions must be read together, and the jury was distinctly advised in the third paragraph that, in order to find for plaintiff, it must appear not only that he was injured, but that "the defendant was negligent in some one or more of the particulars charged in the petition, and that such negligence was the direct cause of the injury." While the instruction was not as specific as might have been wished, we are satisfied that the jury was not misled thereby.

VII. The court, in stating the measure of the damages, did not mention the effect of the injury on plaintiff's capacity to earn money. The defendant requested that the jury be

10. INSTRUC-TIONS: refusal of. instructed not to "allow him anything for loss of personal earning, either in the past nor for the future," nor "for diminished earning power either for the past or future." This was refused. There was no specific allegation of this element of damage in the petition, and no evidence thereof was introduced. The request could only have been important in guarding the jury from considering a matter outside of the record. See *Erb v. Insurance Co.,* 98 Iowa, 606. In *Laird v. Railway Co.,* 100 Iowa, 336, relied on by appellant, the instruction condemned was so worded as to exclude the notion that the injured person might have earned money other than by manual labor when this ought to have been considered. In no case to which our attention has been called has it been held error to refuse to caution the jury to ignore a matter neither included in the pleadings nor involved in the proof. In the instant case the jury was repeatedly warned in the charge to confine themselves to the facts established by the evidence. That courts have sometimes erroneously instructed juries to take into consideration the injury to the earning capacity when the value of the loss has not been proven furnishes no ground, as is contended, for saying that the jury would be likely to go outside of the record,

and consider matters not involved in the issues, and of which there was no evidence. There are an infinite number of things that the jury ought not to consider, but it does not follow that the court should specify each one. Its instructions limiting them to the consideration of the evidence introduced is generally sufficient to guard against mistakes. Though the instruction might well have been given, its refusal was not error. The contention that the instruction given was too meager in not enumerating more elements to be considered in fixing the amount of the recovery is without merit.—AFFIRMED.