SARAH J. HOUSEMAN, Appellee, v. THE CITY OF BELLE PLAINE, Appellant.

Personal injury: SIDEWALKS: NEGLIGENCE: EVIDENCE. The negligence of a pedestrian in choosing a walk known to be out of repair, and under the evidence in the case, the exercise of due care, were questions for the jury.

**Evidence:** EXAMINATION OF WITNESS. Re-direct examination on a matter inquired about on cross-examination, is not subject to the objection that it is immaterial and irrelevant.

*Appeal from Benton District Court.*— HON. G. W. BURN-HAM, Judge.

WEDNESDAY, JULY 13, 1904.

ACTION for damages. From a judgment against it, defendant appeals.— *Affirmed.*

*S. B. Montgomery* and *Gilchrist, Whipple & Brown,* for appellant.

*Tom H. Milner,* for appellee.

LADD, J.— The plaintiff was returning home with a friend, Mrs. Hoover, from lodge, at about eleven o'clock p. m. of May 16, 1902. The walk was on the north side of the street, and that part of it in front of Dodd's premises was out of repair. It was of bricks, many of which were out of place, and several holes had been dug in it. The particular hole into which plaintiff's foot slipped as she stepped on a brick next to it was about a foot in diameter and three or four inches deep. The appellant insists that, according to her own testimony, she ought to be adjudged guilty of contributory negligence. She had lived in the vicinity for many years, and was familiar with the condition of the walk. She thought about the hole, and knew it would be a dangerous place to pass, and mentioned it to her companion as they approached it. She was on the north side of the walk, and Mrs. Hoover on the south side, walking slowly, arm in arm, and picking her way. She appreciated the necessity of being careful in order to avoid injury. "Q. You knew it would be imprudent to enter upon it without exercising great care? A. Yes, sir. * * * Q. Well, you had walked slowly all the way from the lodgeroom? A. We

*1. NEGLIGENCE: evidence.*

walked more carefully over this piece of walk than we did
coming over the others." She testified that, because of long
familiarity with the locality, she knew when she reached the
Dodd lot. " Q. You could see the fence, could you ? A.
Yes, sir; I think so. * * * Q. When you came to the
walk, you recognized the walk ? A. Yes; I knew we were on
the walk. * * * Q. Couldn't you see the walk any-
where along there ? A. No, sir. * * * I thought I
had gone between the hole and the fence far enough to avoid
getting into the hole. Q. Did you put your hand out to see
whether the fence was there ? A. No, sir; I had one arm
full of books, and the other arm Mrs. Hoover had a hold of.
Q. Which arm was full of books ? A. The one next to the
fence. Q. Did you make any effort to see if you were close
to the fence ? A. No, sir; I had my books in this arm. Q.
What efforts did you make to find out whether you were close
enough to the fence to pass this dangerous place ? A. I used
my judgment. Q. You could not see anything at all ? A.
No, sir; I could not see the sidewalk. Q. Could you see the
fence ? A. No, sir. * * * I thought I was going to
step around the hole. * * * Q. Did you at that time
try to ascertain by the fence how close you were to the north
edge of the sidewalk ? A. No, sir; I had my arm full of
books, and didn't reach toward the fence."

The mere fact that the walk was in an unsafe condition
did not preclude its use by plaintiff, for the evidence tended
to show that it was the only way by which she could well
reach her home, and she must have taken the walk or the
center of the road. See *Sylvester v. Casey,* 110 Iowa, 256;
*Carter v. Lineville,* 117 Iowa, 532, and like decisions.
Whether in choosing the walk she was negligent was fairly
for the jury to determine. But did she exercise due care in
avoiding the hole in the walk ? That she was walking arm
in arm with her companion did not necessarily interfere with
the exercise of proper care. It may have prevented her from
carrying the books under the arm farthest from the fence, but

by walking in that manner she was able to keep at the side of the walk, three or four feet wide, as certainly as by taking hold of the fence. Moreover, it does not appear that she could have more certainly avoided the hole by taking hold of the fence than the arm of Mrs. Hoover. It seems that they had avoided the hole, but that, in stepping around it, one of the loose bricks slipped and let her foot in. We think the question as to whether she was exercising due care at the time properly left to the jury's determination.

II. On cross-examination, plaintiff was asked what she thought as she approached the place where she was hurt, and, her answer being stricken out, further inquiry was made: **2. EVIDENCE: examination of witness.** "Q. Tell the jury your thoughts respecting this part of the sidewalk in which you say the hole is located, and at which you claim to have been injured, as to its being a dangerous place, about the time you entered upon the walk of the Dodd lot, etc. A. I thought I must be careful, and seek my way through, so as not to get hurt. These were my thoughts." On redirect examination: "Q. I will ask you if you believed and thought that, by being careful and cautious in passing over this walk, that you could get on the other side of it without any injury to yourself? (Defendant objects as immaterial, irrelevant. Overruled, and defendant excepts.) A. Yes, sir; I thought I could get over it with safety." The defendant had made her thoughts respecting the walk as she approached it the subject of inquiry, and cannot now be heard to say that such evidence was irrelevant and immaterial, in order to exclude redirect examination on the same subject-matter. Though she was asked as to her belief, she responded only as to what she thought.— AFFIRMED.