The decree must be, and it is, *affirmed.*

---

WILLIAM CREE, Trustee, Appellee, v. BRADLEY'S BANK OF MYSTIC, Appellant.

**Admission of evidence:** HARMLESS ERROR. Reversal of a cause 1 will not be ordered because of the admission of immaterial evidence which is in no manner prejudicial.

**Bankruptcy:** RECOVERY OF PREFERENCE: EVIDENCE. It is incumbent on 2 a trustee in bankruptcy to show that he has not sufficient assets in his hands to pay the claims filed and allowed against the bankrupt before he can recover a preference made by him; and as evidence of that fact he may introduce the schedule of claims filed and allowed by the referee.

**Same:** PROOF OF ANOTHER ACTION PENDING. Evidence that a trustee 3 in bankruptcy had instituted an action against the purchaser of his property for its value, is not admissible in defense of another action by the trustee against the party to whom the proceeds were paid as an alleged preference; as one action is not dependent upon the other.

*Appeal from Appanoose District Court.*—HON. C. W. VERMILLION, Judge.

MONDAY, FEBRUARY 15, 1909.

THIS is an action by the plaintiff, as trustee in bankruptcy, to recover of the defendant bank money paid to the said bank by the bankrupt as a preferred payment within four months next preceding the adjudication of bankruptcy. Verdict and judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*Frank S. Payne,* for appellant.

*H. E. Valentine*, for appellee.

EVANS, C. J.—In January, 1906, James H. Stevens was adjudicated a bankrupt. On October 18, 1905, he paid to the defendant bank the sum of $1,400 on a debt owing by him to said bank. The plaintiff alleged, and defendant denied that it had any knowledge or reasonable cause to believe that such payment was intended as a preference, and this denial presented the only issue of fact in the case.

The bankrupt was a hardware dealer in the town of Mystic, and had been indebted to the bank in various amounts for a long period of time. On October 16, 1905, he sold his stock of hardware in lump to one Swanson for the sum of $1,600, and received Swanson's check therefor. He indorsed this check to the bank in payment of the debt before mentioned, and received the difference. The cashier who received the check from the bankrupt said that he did not know at that time that the bankrupt had sold his stock of goods to Swanson. At the time of the transaction, and for some time previous thereto, the bank was holding a large number of drafts drawn on the bankrupt by various creditors, all of which it returned soon after the transaction. The bankrupt had no other property except his homestead, which was heavily incumbered by a mortgage to the bank.

I. One Teagarden was a witness on behalf of the plaintiff. His wife had been a former partner of the bankrupt, and had sold out her half interest to him about ten months previous to his sale to Swanson. The witness testified that the consideration for such sale was $1,500. This testimony was received by the court over the objection of the defendant. We are unable to see any materiality to this testimony. Nevertheless it is manifest that it could not have been prejudicial.

1. ADMISSION OF EVIDENCE: harmless error.

Swanson was also examined as a witness on behalf of the plaintiff. The following question was propounded to him: "Q. What, if anything, was said by you to people who came into the store about the change of ownership?" Defendant objected to this question as incompetent and immaterial, and the objection was overruled. "A. I expect that I told them that I had bought the stock." Appellant urges this ruling upon our attention. We are not able to see either materiality or competency to this question and answer, but it is plain, also, that there is nothing in this testimony calculated in any degree to prejudice the defendant. It is undisputed in the record that the store was sold to Swanson, and that he took immediate possession. There is no claim of secrecy in the change of ownership.

2. Bankruptcy: recovery of preference: evidence.

II. For the purpose of showing that the bankrupt was insolvent, the trustee testified that he had received no property, and that he had been able to find no property. The record of the bankruptcy proceedings was also introduced in evidence including the schedule of creditors' claims filed and allowed by the referee. To this latter evidence the defendant objected as incompetent and as not binding on the defendant, because not a party to the proceedings. This objection was overruled, and the defendant urges error on the ruling. There was no error in the ruling. It has heretofore been held by this court that it is incumbent upon the trustee to show that he has not sufficient assets of the bankrupt to pay the claims filed and allowed against him. *Deland v. Bank,* 119 Iowa, 368; *Roney v. Conable,* 125 Iowa, 664; *Crary v. Kurtz,* 132 Iowa, 105. It appears to have been held otherwise in *Cullinane v. State Bank of Waverly,* 123 Iowa, 349. This case seems to be inconsistent with our other cases on that subject. We are united in the opinion that the record of the allowance of claims by the referee is ad-

missible in evidence in proof of the indebtedness of the bankrupt. In so far as the *Cullinane* case, *supra,* is inconsistent with this view, it will be deemed overruled.

III. On cross-examination of the plaintiff, the defendant undertook and offered to prove by him that he had instituted a suit then pending against Swanson for $3,500, being the alleged value of the goods purchased by Swanson from the bankrupt. The court ruled out the proffered testimony. The defendant also offered in evidence the petition filed by the trustee in the *Swanson* case. This, also, was ruled out, and of these rulings the defendant complains. The argument in support of defendant's contention at this point is that, if the plaintiff had a cause of action against Swanson for $3,500, he had no need to recover against the defendant. If this argument could defeat the plaintiff in this case, a like argument could defeat him in the *Swanson* case. If a right to recover from Swanson would defeat his right to recover from the defendant, then his right to recover from this defendant would defeat his claim against Swanson. There is fallacy in the argument. One action can not be made dependent upon the other. There was no error in this ruling. Plaintiff's right of action is purely statutory. The statute does not recognize the exception which defendant would thus engraft upon it. Whether plaintiff's causes of action in each case are substantially identical in their subject-matter, and whether plaintiff will be entitled to more than one satisfaction, is a question not involved herein.

3. SAME: proof of another action pending.

IV. The only other error assigned by the defendant is that the verdict is not sustained by the evidence. We have examined the evidence with care. It will subserve no useful purpose to set it out at length. It was sufficient to warrant the jury to find that the defendant bank had reasonable cause to believe that its debtor was insolvent and that the payment in question was a prefer-

ence, and was intended as such. The case was submitted to the jury upon instructions of which the defendant does not complain.

We find in the record no ground for reversal. The judgment below is therefore *affirmed.*