L. E. Lewis, Appellant, v. Cedar Rapids & Iowa City
Railway & Light Company, Appellee.

**CARRIERS:** Derailment—Res Ipsa Loquitur. A passenger injured
by the derailment of a train need not show the *causes* of the
derailment, *though alleged.* The injured party makes a prima-
facie case by showing: (a) That he was a passenger on the
train; (b) that the train was derailed; (c) that he was in-
jured thereby; and (d) that he was not guilty of negligence.

*Appeal from Johnson District Court.*—R. P. Howell,
Judge.

May 17, 1918.

Action for damages claimed to have resulted from the
derailment of one of defendant's electric cars. There was
a trial to a jury, and verdict in favor of the defendant for
costs. Plaintiff appeals.—*Reversed.*

*Milton Remley* and *Ranck & Bradley,* for appellant.

*Dutcher, Davis & Hambrecht* and *John A. Reed,* for
appellee.

Stevens, J.—This is an action for damages claimed to
have been caused by the derailment of one of defendant's
interurban electric cars, on which plaintiff was riding as
a passenger. The accident occurred near defendant's
bridge across the Iowa River. The accident was caused by
the breaking of an axle. Plaintiff's petition is in two
counts, the first alleging the above matters, and the second,
in addition thereto, that the defendant negligently permitted
the track, at the place of the accident, to become uneven
and unsafe; that the car was being operated at an excessive
rate of speed; that the motorman in charge undertook to
suddenly check the speed thereof just before reaching the

bridge, thereby causing the same to be thrown from the track; that the journals, or axles, on said car were inferior, of defective construction, and too small and of insufficient strength to carry the car and permit the operation thereof at the rate of speed at which, and in the manner in which, the same was being operated.

Numerous errors of the court in rulings upon the admission of evidence are alleged and argued by counsel for appellant. It may be conceded that much incompetent evidence was admitted, but there was probably sufficient competent evidence, upon the point sought to be proved thereby, that was undisputed, to render the error without prejudice.

Complaint is also made of several of the court's instructions, but we will consider only the exceptions to the following:

"While the burden of proof is upon plaintiff to show that he was injured by the negligence of defendant in some one or more of the particulars set out above, yet, if he has shown that he was injured by reason of the derailment of the car upon which he was a passenger, and that said accident and derailment was so unusual and of such a nature as that it could not well have happened without the defendant being negligent, a presumption of negligence on the part of defendant arises, and the burden is then cast upon the defendant to rebut this presumption. To do so, defendant must establish that the accident was not caused by any negligence on its part in the particulars charged by plaintiff, or that, in all such particulars, defendant exercised the high degree of care required of it, as hereinafter explained."

The contention of counsel for appellant is that this instruction placed the burden upon the plaintiff of showing the exact cause of the accident: that is, the facts and circumstances constituting the negligence of defendant which caused the derailment. Defendant, as a carrier of passen-

gers, was bound to exercise the highest degree of care and diligence for the convenience and safety of plaintiff. As was said in *Weber v. Chicago, R. I. & P. R. Co.*, 175 Iowa 358:

"To this end, it is its duty to see that nothing which human foresight could guard against happens in the management and control of its trains, its rolling stock, and roadbed, that will imperil the safety of the passenger while being so transported."

The derailment in this case occurred while the car was proceeding around a two-degree curve approaching the bridge, causing the car to run upon the ties until it reached the trestle approach to the bridge when it toppled over and fell to the ground, injuring plaintiff. Proof that plaintiff was a passenger upon the derailed car and that he was free from contributory negligence on his part made out a prima-facie case against the defendant, and a presumption arose that the accident was the result of some negligence on defendant's part.

Counsel for appellee maintain that the language of the instruction in question was taken from the opinion of this court in *Pershing v. Chicago, B. & Q. R. Co.*, 71 Iowa 561. and that substantially the same instruction was approved in *Fitch v. Mason City & C. L. Traction Co.*, 124 Iowa 665. In the first of the above cases, the court stated the substance of the instruction in general terms, without quoting the same. We gather from this statement that the instruction was probably similar to the one under consideration, but the discussion of the court was confined to the extent of proof required of the defendant to exculpate itself from the negligence causing the injury, and not to the burden of proof resting upon the plaintiff. The court said:

"The rule undoubtedly requires the carrier to prove his own freedom from negligence as to the cause of the injury. But that, it appears to us, is the doctrine of the instruc-

tions. The immediate cause of the injury to plaintiff's intestate was the breaking down of the bridge, and the consequent precipitation of the car into the ravine; and this was occasioned by the blow or concussion by the derailed train. In seeking for the cause of the injury, then, it became necessary to inquire as to the cause of the derailment of the train, and whether there was any defect in the track or roadway or bridge, or in the cars or machinery of the train, or any negligence in the management of it at the time; for the circumstances indicated unmistakably that the cause of the accident was to be found in some of these matters. They constituted the subject of the inquiry as to this branch of the case, and defendant very properly confined its proof, as to the diligence and care it had exercised, to that subject."

In *Fitch v. Mason City & C. L. Traction Co.*, supra, the plaintiff was injured while riding as a passenger on one of defendant's trains. While he was seated by the side of the conductor, on a seat provided for passengers, near an open door, he was thrown from the seat out of the door and upon the right of way of the defendant, receiving the injuries complained of. It was charged that, at the time of this occurrence, the train was being run at an excessive rate of speed, on a down grade, upon a ten-degree curve, where the track was out of alignment; and that this caused him to be thrown from the train. The instruction before the court in that case is somewhat analogous to the one under consideration, but not identical therewith. The court, in referring to the burden of proof and the presumption arising from proof of an accident and injury, said:

"Defendant's contention that the presumption does not arise from the mere fact of injury alone, and does not in any case arise in the absence of proof of some defect in the instrumentalities of transportation, is only partially true. Of course, mere proof of injury, without showing a colli-

sion, derailment, or other cause or circumstance connected with the operation or equipment of the road, does not make out a prima-facie case of negligence. In other words, from the mere fact that plaintiff was found along the side of the track with his leg broken, no presumption of negligence arises. The presumption arises, if at all, from the cause of the injury, which was the accident referred to by the court in this case, and from the circumstances attending it. When these are so unusual and of such a nature that the accident could not well have happened without the defendant being negligent, or when it is caused by something connected with the equipment or operation of the train, a presumption of negligence arises on the part of the company; and plaintiff, upon proof of his freedom from contributory negligence, is entitled to the verdict, unless the defendant shows that its negligence in the respects charged did not cause the injury."

In *Cronk v. Wabash R. Co.*, 123 Iowa 349, the court disapproved an instruction somewhat, in effect, like the one under consideration. The instruction there considered, however, was favorable to the appellant, and the judgment of the lower court was affirmed. In the course of the opinion, the court said:

"It is said that, if the jury found the roadbed or rolling stock defective in any one of the ten or twelve particulars alleged, this cast the burden of the proof upon the defendant to show that it was not negligent, not only as to that one, but as to all of the specifications contained in the petition. It was not incumbent upon the plaintiff, however, in the first instance, to prove any of these defects. Upon proof that the injury of plaintiff resulted from the derailment of the train, the burden of proof shifted, and was cast upon the defendant to show that the accident was not occasioned by any negligence on its part."

This court, in *Weber v. Chicago, R. I. & P. R. Co.*,

supra, speaking to this point, used the following language:

"The derailment of a train does not usually and ordinarily occur when the carrier has discharged this duty. Proof of derailment of a train and injury to the passenger is, therefore, prima-facie evidence that the company had not discharged this duty. This is based upon the thought that such accidents do not ordinarily occur when the carrier has discharged its full duty. This showing, therefore, established a failure on the part of the company to perform its duty, and out of this arises the actionable negligence. * * * So, then, the law wisely shifts to the defendant the burden of exculpating itself, either by showing that it had done its full duty, and the accident was unavoidable, and one that could not be anticipated or guarded against, or that it was the result of some independent intervening cause, over which the defendant had no control and could not have guarded against." See also *Basham v. Chicago G. W. R. Co.*, 178 Iowa 998; and *McGinn v. New Orleans R. & L. Co.*, (La.) 13 L. R. A. (N. S.) 601, 606, and cases cited in the margin.

Appellee's counsel argue herein that, conceding the erroneous character of the instructions, yet plaintiff, under the evidence, could not have been prejudiced thereby. We are unable to agree with the contention here made. To sustain the instruction upon this theory, it is necessary to assume that the jury must have found, from the evidence, that the accident was so unusual and of such a nature that it could not well have happened without negligence upon the part of defendant; whereas negligence was presumed from the fact of the derailment, upon proofs of which, with the other necessary facts to make out plaintiff's case, the duty rested upon the defendant to show that the accident was not the result of negligence on its part. The instruction cast the burden upon the plaintiff of proving that his injuries were caused by the derailment of the car, upon which

he was a passenger, without negligence or fault on his part; and also that it could not well have happened in the absence of negligence on defendant's part. Plaintiff was not required, to make out a prima-facie case, to prove the facts constituting the negligence on the part of the defendant, causing the derailment. To discharge the burden imposed upon plaintiff by the instruction, it was not necessary for him to offer proof of the circumstances causing the derailment of the car. The cases cited by appellee do not sustain its contention in this respect. A distinction is made, in the proof required to make out a prima-facie case, where the injury resulted from the derailment of a car, and where the facts and circumstances of the accident are of such a nature and so unusual that it could not well have happened but for some negligence on the part of defendant. In the former case, proof of derailment, with the other facts necessary to be shown to entitle plaintiff to recover, make out a prima-facie case in favor of plaintiff; whereas, in the latter, proof of facts and circumstances from which the inference that the accident could not well have happened but for some negligence upon the part of the carrier must be offered, before the presumption of negligence will arise. The distinction to be observed is well stated and illustrated in *Fitch v. Mason City & C. L. Traction Co.*, supra, and *Weber v. Chicago, R. I. & P. R. Co.*, supra.

Upon proof by the plaintiff that he was a passenger, that he was injured by the derailment of a car,—an occurrence so unusual and of such a nature that it could not well have happened without negligence upon the part of defendant,—the presumption arose, without further proof of the facts and circumstances causing and surrounding the accident, that the defendant was negligent, and a prima-facie case was established. The duty to go forward with its proof then shifted to the defendant. To discharge the burden thereby cast upon it, it undertook to show that the

broken axle was purchased of a reputable manufacturer, that it was carefully tested by the usual and approved methods of making tests of the character required, that its roadbed, at the point of the accident, was properly constructed and in good condition, that the speed of the car was not unusual or imprudent, that its servants were not negligent in its operation, and that the derailment was caused by a latent defect in the axle, causing it to break.

As above suggested, much evidence of doubtful competency was received, but errors in this respect are not likely to, and should not, occur upon a retrial of the case. Therefore, we do not deem it necessary to discuss them in detail. Other errors alleged in the instruction are argued by counsel for appellant, but, in view of our conclusion that there must be a reversal, it will not be profitable to review or point out the alleged errors therein. Because of the error in the instruction above quoted, the judgment of the court below must be and is—*Reversed*.

Preston, C. J., Ladd, Evans, and Salinger, JJ., concur.