ALEX NIGUT, Appellant, v. FRED HILL, Appellee.

**TRIAL: Instructions—Applicability—Estoppel.** A litigant may not
1 claim that instructions place an undue burden upon him when the
instructions are strictly in harmony with his pleadings and evidence.

**TRIAL: Reception of Evidence—Discretion as to Nonrelevant Matter.**
2 The court, having exercised its discretion to permit a litigant to in-·
troduce testimony of a somewhat nonrelevant nature, may very ·well
permit the opposite party to counter with opposing testimony on
the same point.

**Headnote 1:** 4 C. J. p. 710. **Headnote 2:** 22 C. J. p. 196; 38 Cyc. p.
1344.

*Appeal from Monroe District Court.—*D. M. ANDERSON, Judge.

OCTOBER 20, 1925.

ACTION at law for damages for the unlawful taking and dis-
traint of plaintiff's mare, and for the conversion thereof. The
answer was, in effect, a general denial. There was a verdict
and judgment for the defendant, and the plaintiff appeals.—
*Affirmed.*

*John F. Abegglen,* for appellant.

*Miller & Everett,* for appellee.

EVANS, J.—I. On October 27, 1921, five of the plaintiff's
horses were found in the defendant's cornfield. The defendant
drove them out of his cornfield and into his own inclosed pas-
ture, and immediately notified the plaintiff by
phone what he had done. Subsequent events
are in dispute. The evidence for the plaintiff
is that, on October 27, 1921, Hill demanded of the plaintiff the
sum of $10; that he coupled his demand with a statement that
he had suffered no damage. This is denied by the defendant.
One of the five horses in question was the mare involved in this
controversy, which died from natural causes while in the custody

1. TRIAL: instruc-
tions: applica-
bility: estoppel.

of the defendant, and through no fault of the defendant's. Two principal complaints are presented on this appeal in the assignment of errors. The first contention is that Instructions 4 and 8 given by the lower court laid an undue burden upon the plaintiff, in that it required the plaintiff to prove that he demanded the mare, and that the defendant refused to surrender her except upon condition of the payment of $10. The argument for the appellant is that, if the defendant warned the plaintiff in advance that he would not surrender possession of the mare except upon payment of $10, then such warning excused the plaintiff from making any demand; that it was sufficient for the plaintiff to prove, either that the defendant made such demand upon him, or that the plaintiff himself made a demand upon the defendant for the possession of the mare. The complaint is that the trial court required him to prove both that he had made a demand upon the defendant and that the defendant had· made a counter demand upon him for $10. The argument is that, if the defendant notified the plaintiff in advance that he would not surrender the possession except upon payment of $10, then the plaintiff was excused from making a demand as a condition precedent to work a conversion. Sufficient answer to say that the instructions of the trial court conformed to the plaintiff's petition and amendments thereto. The plaintiff's petition, as amended, predicated the alleged conversion upon his demand for the possession, and the refusal and failure of the defendant to surrender the mare, except upon condition of payment of $10. The plaintiff did not plead an excuse for failure to make demand, but expressly pleaded that he did make demand. The fact that the defendant demanded $10 was pleaded by the plaintiff as the defendant's refusal of the demand. There was no claim in the pleading that such demand by the defendant was made in advance of a demand by the plaintiff. Moreover, the plaintiff's evidence was that the demand of $10 by defendant was made on October 27th. This was within twenty-four hours after he had taken up the horses. He had a legal right at that time to demand just compensation, and had an equal right to institute statutory proceedings in order to determine the amount due him. There was, therefore, nothing wrongful in his demand at the time he made it. The fact that he did not later summon

the trustees to view the damages, did not change the legal character of the demand previously made. If he had a right to claim compensation, he had an equal right to waive it later. If, after the expiration of time for the calling of the trustees, he had met plaintiff's demand for possession with a counter demand for money to which he was not entitled, this would constitute a refusal of plaintiff's demand, and would present an entirely different question. The jury made special findings that the defendant did demand $10, and the further special finding that the plaintiff never made a demand for the mare, and that the defendant never refused to surrender. We hold, therefore, that the instructions of the court were in strict accord with the plaintiff's pleading, and were likewise justified by the state of the evidence. For the same reason, we hold that the special findings were not necessarily inconsistent with the general verdict.

II. The defendant was permitted to introduce evidence of the bad condition of the plaintiff's fences about the inclosures where he kept his stock. This evidence was received over plaintiff's objection, and complaint is now directed thereto. The plaintiff's petition charged the defendant with the wrongful taking of the mare. He introduced evidence of the condition of his fences to the effect that they were such as would restrain the animals in the inclosures. The defendant met this evidence by the evidence which is now complained of. Though the evidence of this character as introduced by each party was not strictly relevant to any material issue, yet the plaintiff himself opened the door to that kind of evidence, and it was within the fair discretion of the court to permit the defendant to meet it, within appropriate bounds. There was no abuse of discretion in that regard by the trial court.

2. TRIAL: reception of evidence: discretion as to nonrelevant matter.

The foregoing constitutes the principal errors argued. For the reasons indicated, we think they are not well taken.

The judgment below is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.