**VINE STREET CORPORATION,**
Appellant,

v.

**CITY OF COUNCIL BLUFFS, Iowa,**
Appellee.

No. 56064.

Supreme Court of Iowa.

July 31, 1974.

Smith, Peterson, Beckman, Willson & Peterson, Council Bluffs, for appellant.

Porter, Heithoff, Pratt & Reilly, Council Bluffs, for appellee.

Heard by MOORE, C. J., and Le-GRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Plaintiff Vine Street Corporation appeals from judgment entered on a district court jury award of condemnation damages against defendant City of Council Bluffs. The City condemned plaintiff's service station site in connection with a downtown urban renewal project. The appeal presents three problems relating to the law of evidence in eminent domain proceedings. We reverse and remand.

The questions raised in plaintiff's appeal are whether trial court erred in admitting into evidence (1) the assessed valuation of the condemned property, (2) testimony as to the number of owners in the path of the same project who conveyed their property without condemnation, and (3) an opinion

of the value of the condemned property concededly not based on its highest and best use.

I. *Evidence of assessed valuation.* The date of condemnation was April 20, 1970. The City offered evidence of the assessed valuation of the property for tax purposes as of that date during direct examination of its witness John D. Ingraham, a Council Bluffs realtor and appraiser. Plaintiff objected to the evidence as immaterial, irrelevant, and hearsay. The objection was overruled, and the witness testified the assessed valuation, 27 percent of actual value for tax purposes, was $15,110. The witness later testified the fair market value of the condemned property was $117,400 at the time of the taking.

Plaintiff's objection was predicated on three specific grounds. A specific objection is effective to preserve error on the grounds specified and none other. Porter v. Iowa Power and Light Company, 217 N.W.2d 221, 231 (Iowa 1974). Hence our task is to determine whether trial court erred in overruling the objection on those grounds and not whether the evidence might have been subject to objection on some other basis. We are not confronted with other grounds recognized as valid by courts in other cases. See Annot., 39 A. L.R.2d 209 et seq. The question here is whether the evidence should have been excluded as immaterial, irrelevant or hearsay.

Materiality refers to the pertinency of the offered evidence to the issue in dispute. Relevancy refers to its probative value in relation to the purpose for which it is offered. State v. Clay, 213 N. W.2d 473, 477 (Iowa 1973). For purposes of this case, it is sufficient to say hearsay is an out-of-court assertion offered in court to prove the truth of the matter asserted. For a detailed definition of hearsay see State v. Miller, 204 N.W.2d 834, 840 (Iowa 1973).

Evidence of assessed valuation determined under a prior statute was held neither material nor relevant to an eminent domain proceeding in Hetherington Letter Co. v. City of Cedar Rapids, 207 N.W.2d 800 (Iowa 1973). We relied there upon the fact that under the applicable statute § 441.21, The Code, 1966, market value was only one element in actual value for tax purposes. However, since amendment in 1967 by Acts 62 G.A. ch. 354, §§ 1, 2, the statute has provided, "The actual value of all property subject to assessment and taxation shall be the fair and reasonable market value of such property." See § 441.21, The Code, 1973. Under the statute in Hetherington actual value and market value were not equated; under the statute here they are equated. We left open in Hetherington the issue of admissibility of evidence of assessed valuation determined under the present statute. 207 N.W.2d at 803.

Fair and reasonable market value at the time of the taking is the issue here. Assessed valuation is purportedly based entirely on that value. Evidence of assessed valuation under the statute applicable here is thus both material and relevant to the ultimate issue in an eminent domain proceeding. Trial court did not err in overruling plaintiff's objection on those grounds.

The hearsay ground remains. When offered as substantive evidence of market value, assessed valuation is obviously hearsay. It is an out-of-court assertion offered in court to prove the truth of the matter asserted.

It has frequently been held inadmissible on this ground. See United States v. Anderson, 447 F.2d 833 (8 Cir. 1971), cert. denied, 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed. 2d 788; United States v. Certain Parcels of Land, etc., 261 F.2d 287 (4 Cir. 1958); State v. 45,621 Square Feet of Land, 475 P.2d 553 (Alas.1970); Chicago & E. R. Co. v. Smith, 6 Ind.App. 262, 33 N.E. 241 (1893); Love v. Common School District No. 28, 192 Kan. 780, 391 P.2d 152 (1964);

Scott v. O'Neil's Admr., 23 Ky.Law Rep. 331, 62 S.W. 1042 (1901); Bergen County Sewer Au. v. Borough of Little Ferry, 15 N.J.Super. 43, 83 A.2d 4 (1951); Bunn v. Harris, 216 N.C. 366, 5 S.E.2d 149 (1939); Girard Trust Co. v. Philadelphia, 248 Pa. 179, 93 A. 947 (1915); Edmondson v. Carroll, 65 S.W.2d 1107 (Tex.Civ.App.1933). We follow the same rule. Dudley v. Minnesota & N. W. Ry. Co., 77 Iowa 408, 42 N.W. 359 (1889).

■ The City contends the evidence is nevertheless admissible as an admission. Although the City's theory is that the evidence would be admissible for purposes of impeachment, an admission by a party, if material and relevant, is also admissible as substantive evidence. Egan v. Egan, 212 N.W.2d 461, 465 (Iowa 1973); McCormick on Evidence § 262 (Second Ed.1972).

As noted in Hetherington several of our early cases held the assessment roll for condemned land was an admission by the property owner when signed by him. 207 N.W.2d at 802. The rationale of those cases was questioned and limited in Hetherington. In this case, the City seeks to expand that rationale. It contends that when a taxpayer pays his taxes he acquiesces in the assessed valuation of his property just as if he signed the assessment roll and the evidence should be admitted on the same basis. This argument not only overlooks the effect of Hetherington on the earlier holdings but elevates submission to the tax authorities to the equivalent of agreement by the taxpayer to the accuracy of the assessed valuation of his property.

■ A taxpayer has no duty to protest an undervaluation of his property. He would ordinarily be foolish to do so. His failure to do what he has no duty to do can hardly constitute an admission on his part. 27 Am.Jur.2d Eminent Domain § 441 at 354 ("no inference can fairly be drawn that [the assessed value] is correct from the failure of the owner to object on the ground that the valuation is too low."). We reject the City's contention.

We hold trial court erred in overruling plaintiff's objection insofar as it was based on the hearsay ground.

■ The City argues that even if it was error to admit the evidence it is not reversible error, asserting any prejudice was removed by the remainder of the witness' testimony and by the court's instruction to the jury on the proper measure of damages. We do not agree. There is nothing in the record to overcome the presumption of prejudice which accompanies the admission of improper evidence over proper objection. Prejudice is presumed when error appears unless the contrary is affirmatively established. Jones v. Iowa State Highway Commission, 185 N.W.2d 746, 751 (Iowa 1971); Bailey v. Chicago, Burlington & Quincy Railroad Co., 179 N.W.2d 560, 567 (Iowa 1970); Bellew v. Iowa State Highway Commission, 171 N.W. 2d 284, 291 (Iowa 1969), and citations. A reading of the transcript shows the City offered the assessed valuation as substantive evidence of the fair and reasonable market value of the property. It should not have been admitted. There is nothing in the other testimony of the witness or in the court's instructions to assure the jury would disregard it.

The admission of evidence of assessed valuation of the condemned property was reversible error.

II. *Evidence of agreements with other property owners.* During redirect examination of Robert Ferluga, director of the City's urban renewal department, counsel for the City asked how many property owners in the urban renewal area had accepted City purchase offers. Plaintiff objected on grounds of materiality and relevancy. The objection was overruled. The witness testified there were 90 privately owned tracts, owners of 76 having received offers, with 55 acceptances and only five rejections at the time of trial.

The City acknowledges this testimony was properly excluded when offered earlier on direct examination. Evidence relating to a condemning authority's success in negotiating with other property owners is neither material nor relevant to the right of an owner to recover just compensation in an eminent domain proceeding. Thornberry v. State Board of Regents, 186 N.W.2d 154, 158–159 (Iowa 1971); Steensland v. Iowa-Illinois Gas & Elec. Co., 242 Iowa 534, 539–540, 47 N.W. 2d 162, 164–165 (1951). But the City contends the evidence was admissible on redirect examination because plaintiff opened the door to it on cross-examination. The City relies on the doctrine of curative admissibility.

Under that doctrine, when one party introduces inadmissible evidence the opponent under proper circumstances may be entitled to rebut this proof by other inadmissible evidence. 1 Wigmore on Evidence § 15 (Third Ed.1940); McCormick on Evidence § 57 (Second Ed.1972); Comment, 35 Mich.L.Rev. 636 (1937). The rule in Iowa is that when one party introduces inadmissible evidence, with or without objection, the trial court has discretion to allow the adversary to offer otherwise inadmissible evidence on the same subject when it is fairly responsive. Basch v. Iowa Power and Light Co., 250 Iowa 976, 95 N.W.2d 714 (1959); Jackson v. Chicago, M., St. P. & P. R. Co., 238 Iowa 1253, 30 N.W.2d 97 (1947); Maasdam v. Jefferson County F. M. I. Assn., 222 Iowa 162, 268 N.W. 491 (1936); Nigut v. Hill, 200 Iowa 748, 205 N.W. 312 (1925); Scott v. Wilson, 157 Iowa 31, 137 N.W. 1043 (1912); Houseman v. City of Belle Plaine, 124 Iowa 510, 100 N.W. 343 (1904); Cronk v. Wabash Railroad Company, 123 Iowa 349, 98 N.W. 884 (1904); see Cunningham v. Court, 248 Iowa 654, 82 N.W. 2d 292 (1957); Peterson v. McManus, 187 Iowa 522, 172 N.W. 460 (1919).

The difficulty with the City's position is that plaintiff did not open the door on the subject of the number of successful negotiations. Although there was cross-examination of the witness Ferluga relating to the City's negotiating methods, there was no cross-examination relating to the number of instances in which those methods were successful.

Trial court abused its discretion in allowing the City on redirect examination of the witness to inquire into the City's success in negotiating with other property owners.

III. *Evidence of market value based on existing use.* The condemned property was being used as a service station. Plaintiff's evidence of market value was based on a theory its highest and best use was joinder with other property for purposes of commercial development on the resulting larger tract. Defendant's valuation witness Ingraham agreed this was the highest and best use of the property, and he based his opinion on it.

The City offered the testimony of city assessor Dennis Nelson as a valuation witness. Prior to expressing his opinion of the market value of the property at the time of taking he acknowledged it was based on the property's existing use as a service station. He was not asked what he considered the property's highest and best use. Counsel for plaintiff objected that his opinion would be incompetent, irrelevant, and immaterial because based on a use agreed by the parties not to be the highest and best use. The objection was overruled and the witness said he believed the market value at the time of taking was $55,967.00.

The City concedes it agreed the highest and best use of the property was for commercial assemblage rather than a service station. The record does not show trial court was alerted to that concession and therefore we would not reverse the case under this assignment of error. However, since the case must be reversed on the other two assignments, for guidance of the court on retrial we will assume the concession was made and decide its effect upon the proffered evidence. The City argues

that despite the concession Nelson's opinion was relevant.

The basic test of relevancy is whether the evidence offered would render a desired inference more probable then it would be without the evidence. State v. Mathias, 216 N.W.2d 319, 322 (Iowa 1974), and citations.

In many eminent domain cases the parties differ as to highest and best use. They are entitled to present evidence of market value based on their differing theories of highest and best use for jury consideration. Dolezal v. City of Cedar Rapids, 209 N.W.2d 84, 88 (Iowa 1973). In this case, however, defendant concedes the existing use was not the highest and best use of the property. We do not believe evidence of market value based on one use could have probative value in establishing market value based on an unrelated use. Nelson's opinion of market value based on existing use could not assist the jury in arriving at market value based on highest and best use.

Since we find trial court erred in admitting evidence in two respects urged by plaintiff, the case must be reversed and remanded for new trial.

Reversed and remanded.