CANFIELD LUMBER COMPANY, Appellant, v. KINT LUMBER COMPANY and W. F. KINT, Appellees.

**Evidence:** CROSS-EXAMINATION: NONPREJUDICIAL ERROR.  Where the plaintiff, as in this case, attempted to show by its president and managing officer a loss of business resulting from defendant's breach of contract, the overruling of an objection to a question on cross-examination tending to show that domestic troubles of the witness were responsible for plaintiff's loss of business was not prejudicial, in view of a denial of such trouble, even though the question may have been improper.

**Contracts:** RESTRAINT OF TRADE: EVIDENCE.  In this action for breach of contract of the sale of a business with an agreement not to reengage therein, the question of whether the agreement not to reengage in the business was made for the purpose of advancing a combination to control prices is held under the evidence to have been for the jury.

**Same:** PAROL EVIDENCE OF AGREEMENT.  A contract may be partly in writing and partly in parol, and where a conflict is not thus presented or the same subject covered, parol evidence is admissible to show the entire agreement.

**Same:** BREACH BY ONE PARTY: DISAFFIRMANCE BY THE OTHER.  Where a contract partly written and partly oral is not severable and one of the parties refuses performance on his part the other may also disregard and disaffirm it; he is not required to sue for the other's breach.

**Same:** INSTRUCTION.  An instruction in this action regarding defendant's right to disaffirm the contract upon plaintiff's breach thereof is held to have been correct.

*Appeal from Cedar Rapids Superior Court.*—HON. JAMES H. ROTHROCK, Judge.

FRIDAY, JULY 8, 1910.

ACTION at law to recover damages for breach of a contract of sale of defendants' rights to certain leased ground, and for breach of an agreement not to reengage in the retail lumber and coal business in the city of Cedar Rapids for the period of ten years. Defendant pleaded plaintiff's breach of contract as a ground for a rescission thereof, and also alleged that the contract made with plaintiff was unlawful and contrary to public policy. The case was tried to a jury, resulting in a verdict for defendants, and plaintiff appeals.—*Affirmed.*

*Redmond & Stewart,* for appellant.

*Crosby & Fordyce,* for appellees.

DEEMER, C. J.—Plaintiff is a corporation engaged in the sale of lumber and coal in Cedar Rapids at retail. It had yards on the west side of the Cedar river, and in February and March of the year 1909 had proceeded to erect buildings thereon. Thereafter defendant, the Kint Lumber Company, acquired or claimed to have acquired, leases of railway grounds on the east side of the river for similar yards, and had purchased and unloaded some lumber and other goods thereon. Negotiations were instituted between representatives of the two companies, with reference to buying or selling the properties belonging to the respective companies, which finally resulted in a written contract of which the following is a copy:

Cedar Rapids, Iowa, April 10, 1908. To the Canfield Lumber Company, Cedar Rapids, Iowa.—In consideration of One Thousand Dollars, the receipt of which is hereby acknowledged, I hereby surrender all my rights in any and all leases made to me by the Chicago, Rock Island & Pacific Railway Company, and the Illinois Central Railway Company, and any other lease or option I possess to any piece of property or properties in Cedar Rapids, Linn county,

state of Iowa, for the purpose of placing a lumber and coal yard on same. I further hereby agree, and bind myself not to directly or indirectly, through any company or person in which I have an interest, to engage in the retail lumber and coal business in Cedar Repids, Iowa, nor to sell by carload to any person, or persons, or company not known and recognized as retail lumber and coal dealers in the city of Cedar Rapids, Linn county, Iowa, or in the vicinity competitive to said place for a period of ten (10) years from above date. All of the above I voluntarily agree to for the consideration above mentioned. Witnesseth my signature this tenth day of April, 1908. Kint Lumber Co.

Two hundred dollars was paid by plaintiff under this contract, but it is contended that within a month or six weeks thereafter defendants, in violation of their said contract, proceeded to and did establish a lumber and coal yard. Defendants claim that the written contract did not embody the entire terms of the agreement between the parties. They say that when it was made defendants had forty or fifty cars of lumber ordered which orders were to be canceled, so far as possible, and that it was part of the arrangement and agreement between them that plaintiff was to accept and take all the cars of lumber which defendant had ordered, and which might be shipped before cancellation of the orders could be made. They further alleged that two cars were shipped before cancellation could be made or accepted, which plaintiff refused to accept or pay for and that by reason thereof defendants were released from any liability on their part under the written agreement Plaintiff says that parol evidence of such oral agreement was inadmissible; that such agreement, if made, was without consideration and was made after the written contract was fully consummated; that, in any event, it was only obliged to take such lumber as had been shipped when the written contract was made, and then only upon invoices furnished by defendants and orders upon the railway company to deliver, turned over to plaintiff; that none of

these things were done, and that defendants are liable for breach of the written contract.

The appeal presents four propositions: First, that testimony as to the alleged parol, contemporaneous agreement was inadmissible; second, that even if such testimony were admissible and a breach of the parol contract proved, this would not justify a rescission by defendants; third, that the court erred in permitting certain interrogatories to be propounded to one of plaintiff's witnesses; and fourth, that the court erred in submitting the question of the invalidity of the contract to the jury.

We shall first take up the rulings on the admission and rejection of testimony. One Canfield was a witness for plaintiff and attempted to show plaintiff's loss of business, which he attributed to defendant's breach of contract. On cross-examination he was asked if he had not had trouble with his wife, and was accused, in the newspapers, of beating her. This was objected to, but the objection was overruled. In view of the answers given by the witness no prejudice resulted, even if the questions were improper. Had they been answered in the affirmative, that fact might have had some bearing upon plaintiff's loss of trade, for the reason that witness was plaintiff's president and managing officer.

1. EVIDENCE: cross-examination: nonprejudicial error.

Instruction No. 5 is complained of. It reads as follows: "If you believe from the evidence that the purchase by plaintiff of the lumber business of the defendant, with a condition that the defendant should not reengage in the lumber business in Cedar Rapids for a period of ten years, was made by the plaintiff in aid of or to advance a combination to control the prices of lumber in the city of Cedar Rapids, then such condition was void, as against public policy, and your verdict should be for the defendant." The point made against it is that there was no testimony to justify the submission of that issue to the

2. CONTRACTS: restraint of trade: evidence.

jury. In this counsel for appellant are in error. There was testimony from plaintiff's manager and president as follows: "In our talk down on Ninth Avenue and Third Street on the East Side, he said he could fix up with the other yards if I would stay out of business here, and make some money, and he said: 'If you come in here and fight I couldn't make anything.' In conversation between myself and Canfield at the corner of Third Street and Ninth Avenue, the plaintiff stated that it was going to ruin the lumber business, if both of us went in at the same time. He said he could fix it up with the other lumber yards. He said he could fix it up if I would stay out of business here. He could fix it with the other yards and fix the prices; that he could fix it up with them, if I would stay out of the business, and make same money. He said: 'If you go in and fight, I couldn't make anything.' We were talking about prices." This was enough to take the issue to the jury.

II. The main contention is over the right of defendants to prove the parol agreement relied upon by them to the effect that plaintiff was to take and pay for lumber ordered. We are constrained to hold that this testimony does not vary the contract or change any of the terms of the original agreement, and that it was admissible. A contract may be partly in writing and partly in parol, and unless there be a conflict between them or they cover the same subject-matter, parol evidence is admissible to show the entire agreement. The rule with its exceptions is well stated in Elliott on Evidence, section 576 as follows:

3. SAME: parol evidence of agreement.

A contract partly written and partly parol is generally regarded as a parol contract to which the parol evidence rule does not apply. If the writing does not purport to be complete, but is a mere memorandum or merely purports to contain some of the stipulations between the parties, parol evidence is clearly admissible to show such

additional stipulations as are not inconsistent with the writing. But most of the authorities, while admitting that intrinsic evidence is admissible, when not inconsistent with the writing, where the contract appears to be a mere incomplete memorandum or to be partly in writing and partly in parol, draw a distinction and hold that it is only admissible when that part of the contract sought to be thus established relates to some matters about which the writing is silent, and that if the proposed evidence is in any way inconsistent with the terms of the writing, such evidence is inadmissible. 'Two things,' it is said by the New York Court of Appeals, 'are essential to bring a case within this class: (1) The writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties for in such a case it is conclusively presumed to embrace the entire contract. (2) The parol evidence must be consistent with, and not contradictory of, the written instrument.' The question as to whether the writing is the complete contract of the parties is usually determined from the writing itself, but it may, we think, at least in case of ambiguity and doubtful completeness, be read in the light of surrounding circumstances, and if when so read it is apparent that it does not contain all the stipulations of the parties and does not embody their entire contract, parol evidence is admissible, in a proper case, to bring the entire contract before the court.

See, also, Wigmore on Evidence, sections 2430 and 2431; also, *Hall v. Barnard,* 138 Iowa, 524; *Sutton v. Weber,* 127 Iowa, 361. Moreover plaintiff without objection, first introduced testimony as to his parol agreement, and having thus opened the door, he can not complain of defendant's testimony relating to the same matter. *Bank v. Snyder,* 79 Iowa, 191.

III. The contract, written and oral, was not a separate or severable one, and if the jury found that plaintiff refused performance on his part, this justified the defendant in disregarding it. *Wernli v. Collins,* 87 Iowa,

548; *Miller v. R. R.,* 132 Iowa, 412; *Hale v. Sheehan,*

**4. SAME: breach by one party: disaffirmance by the other.** 52 Neb. 184 (71 N. W. 1019). Defendant was not, as plaintiff's counsel contend, bound to sue for plaintiff's breach, but might disregard and disaffirm the contract himself.

IV.  Instruction 2, given by the trial court, reads: "If you believe from the evidence that, as a part of the contract entered into between the plaintiff and the defendant for the sale by the defendant to the **5. SAME: instruction.** plaintiff of his lumber business, it was agreed by the plaintiff that it would take and receive the lumber which had then been ordered by the defendant to be shipped to him at Cedar Rapids, Iowa, and that he refused to accept two cars of lumber which had been so ordered, then your verdict should be for the defendant, unless you find from the evidence, under the instruction hereinafter given, that the plaintiff was justified in refusing to accept the same." This is challenged in a half-hearted way, but we think it is correct. There was sufficient evidence to take the case to a jury, and although it is in conflict, the questions at issue were for the jury, and with its verdict we should not interfere.

The judgment must be, and it is, *affirmed.*