WILLIAM O'NEIL, by his next friend DENNIS O'NEIL, Appellant, v. T. M. REDFIELD, Appellee.

Appeal: FINDINGS OF FACT: REVIEW. Where the evidence is in such conflict as to require submission of the issue to the jury, its finding will not be reversed on appeal.

Negligence: AUTOMOBILE ACCIDENT: EVIDENCE. In an action for injury caused by the alleged negligent driving of an automobile by defendant, in which plaintiff claimed that the machine was driven against him, which was denied by defendant upon the trial, a letter written by defendant concerning the accident and containing statements from which it could be inferred that his car did strike the plaintiff, was admissible; as plaintiff was entitled to all evidence tending to prove the truth of his claim.

Same: INSTRUCTION. Where several grounds of negligence are alleged, either of which if established will entitle plaintiff to recover, an instruction requiring the establishment of negligence in all the particulars charged was erroneous.

Same: The operation of an automobile at a rate of speed exceeding the statutory limit is *per se* negligence, and an instruction that if defendant was operating his machine at a rate of speed exceeding the lawful limit, the jury would be authorized to find defendant negligent, was objectionable as leaving the jury to exercise some discretion in finding negligence from such a state of facts.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

WEDNESDAY, JANUARY 22, 1913.

ACTION at law to recover damages for personal injury. There was a verdict and judgment for defendant, and plaintiff appeals. *Reversed* and *Remanded.*

*Ryan & Ryan,* for appellant.

*White & Clarke,* for appellee.

WEAVER, C. J.    The plaintiff, a child of five years of age, suing by his next friend, alleges that while upon a public street in the city of Des Moines he was struck and injured by a passing automobile, operated by the defendant. He charges that the accident was occasioned by the negligence of the defendant in driving his car at a speed in excess of 10 miles an hour, in violation of law and at an unreasonably high speed

and with reckless disregard of the safety of persons lawfully upon the public highway. The defendant denies all the allegations of the petition. The evidence shows without substantial dispute that defendant with two other persons was driving his car along a street in the city of Des Moines at a point where the lots on either hand are quite generally occupied by residences; that plaintiff, who had been playing in or near the street, undertook to cross the roadway some distance in front of the car. The defendant, when at a distance which he estimates at one hundred and fifty feet, saw the boy at the sidewalk, and on approaching nearer, saw him start toward the other side. Reaching the middle of the street, the boy hesitated for an instant, and defendant, instead of attempting to pass behind him, increased the speed of his car with the purpose of passing ahead of him. In trying to avoid the imminent collision defendant swung the car so far out of the road as to strike the curb and mount the parking. It is the theory of the plaintiff that the car struck him at about the same time it hit the curb, knocking him down, breaking his collarbone, and inflicting severe wounds upon his face. The defendant denies that the car struck the plaintiff, and suggests the thought that the injuries complained of were the result of a fall upon the pavement.

I. So far as the preponderance of witnesses is concerned, it is largely with the plaintiff, to the effect that the car was being operated at a speed in excess of ten miles an hour, and that in its passage or attempted passage it came in collision with the boy; but the conflict in the testimony was doubtless sufficient to take that question to the jury, and, were this the only matter to be considered on appeal, the judgment would have to be affirmed. But other errors are assigned which require our attention.

1. APPEAL: findings of fact: review.

As a witness in his own behalf defendant testified that his car was in bad order, and not being driven at high speed. He

asserted that on seeing the boy in the road he first slowed

2. NEGLIGENCE: his speed to less than five miles an hour, and
automobile ac-  only increased it when that seemed the most
cident: evi-
dence.  prudent thing to do.  He further swore that
the car did not strike the plaintiff.  On cross-examination he
was confronted with the following letter, which he admitted
was written by him to the parents of the injured boy soon
after the accident:

Redfield, Ia., Nov. 8th, 1909.  Dear Mr. and Mrs. O'Neil:
I feel so distressed over the painful accident to your dear lit-
tle boy that I have been unable to rest until I hear how the
little man is getting along.  The doctors assured me before
I left that he was not seriously hurt and I do pray God it
may prove correct.  I am very thankful the front of the
auto did not strike him or he would surely have been killed.
One of the friends with me, Mr. Winter, who was thrown
out, was painfully hurt in the side.  It is a wonder he was
not more seriously injured as he weighs over two hundred
lbs.  My auto is badly damaged.  I will have to buy a new
axle and three new tires besides the repair on bent irons,
etc.  I consider the accident wholly unavoidable under the
circumstances and feel that I did all in my power to avert
it.  I am anxious for you to write to me and inform me
of his condition.  And as you have been to some expense for
Drs. etc., I will take pleasure in having you send me the Dr.
bill.  Tell 'Billy' when I come down I will come and see him
and bring him something nice.  Hoping this will find the
boy much improved, I remain, Yours sincerely, T. M. Red-
field.

This letter being offered in evidence by the plaintiff, it
was excluded upon the defendant's objection as being incom-
petent, irrelevant, and immaterial. Plaintiff thereupon offered
separately the parts of the letter in evidence in which de-
fendant writes: (1) "I am very thankful the front of the
auto did not strike him or he would surely have been killed."
(2) "One of the friends with me, Mr. Winter, who was thrown
out, was quite painfully hurt in the side.  It is a wonder he
was not seriously injured, as he weighs two hundred pounds."

(3) "My auto is badly damaged. I will have to buy a new axle and three new tires besides the repairs on bent irons," etc. To each of these offers like objections were sustained. These ruling are assigned as error. The exceptions must be sustained. No reason is suggested why the letter is not competent evidence. It is the written statement of the defendant concerning the subject of controversy, and speaks of facts or alleged facts which are both relevant and material to an inquiry into the truth of the matter in issue. It is not an offer of compromise or settlement, and, even if it were of that character, no such objection was raised. The writer of the letter being a party to the action, its admissibility did not depend upon whether it did or did not tend to impeach his credibility as a witness. It was admissible as his own statement of the facts in language which is fairly open to the construction that he understood or conceded that the young lad had been injured by his automobile. It is not an admission of negligence on his part, but we think no disinterested and candid reader of this letter can draw any other meaning or inference therefrom than that the plaintiff had been injured by collision with the automobile driven by the writer of that communication. The fact of such collision was denied upon the trial, and plaintiff was entitled to the benefit of all available evidence tending to prove the truth of his claim in that respect. It can hardly be the subject of doubt or argument that any statement by the defendant from which an admission against his interest can properly be inferred is admissible in evidence against him.

We think, too, the statements of the letter have a material bearing upon the further question whether the car was being driven at a reasonable rate of speed in view of all the circumstances disclosed by the record. These inferences are so clear it would be a waste of time to enter upon a critical analysis of the defendant's language. The letter gives evidence of being written by a man of intelligence, fully capable of expressing himself with clearness. He disclaims responsibility for the injury, not because the collision did not take place (a

fact which, if it had existed, he would naturally make prominent), but because he considered "the accident wholly unavoidable under the circumstances," and that he "did all in his power to avert it." Language can hardly be framed to more clearly express the thought that he had struck and injured the boy, but without fault on his part.

II.   The court instructed the jury that, in order to recover damages, the burden was upon plaintiff to establish by a preponderance of evidence "the allegations of negligence charged in the petition"; that his recovery, if any, must be on the "grounds charged in the petition"; and that, if the jury failed to find the defendant negligent "in the particulars charged in the petition," then there could be no recovery.   These instructions are excepted to because the petition alleges two or more acts or grounds of negligence, and the effect of the rule so stated was to require plaintiff to establish all his several charges of negligence when, under a proper statement of the rule, he was entitled to a verdict if he made good his case as to any one of them. In view of the charge as a whole, we should hesitate to reverse the judgment below on this ground alone, but it must be said the objection is well taken.   Plaintiff charged negligence, because, as he alleged, defendant was driving the car in excess of the statutory limit of speed.   He also charged negligence as at common law, in that defendant drove the car recklessly and without due care to avoid injury to persons upon the highway. If he proved either allegation by a preponderance of the evidence, and that he was thereby injured, he was entitled to recover, and this rule should have been clearly stated to the jury.

*3. SAME: instruction.*

Plaintiff asked an instruction to the effect that if defendant was running his car at a speed in excess of the statutory limit, and plaintiff was thereby injured, a verdict for the recovery of damages should be returned. This request was refused, and the court on its own motion instructed that, if defendant was operating the

*4. SAME.*

car in excess of the statutory limit of speed, then the jury would be "authorized to find that the defendant in so driving was negligent in the matter of operating his motor vehicle." This expression is followed by language indicating what we deem to be the true rule that such excess of speed is *per se* negligent, yet the use of the words "you are authorized to find" we think was unfortunate, for the jury might readily infer therefrom some discretion on its part in finding negligence upon such a showing of facts.

Other exceptions argued are either not well taken or not liable to arise upon a retrial and we shall take no time in their discusson.

For the reasons hereinbefore stated, a new trial must be had, and for that purpose the judgment of the district court will be reversed and cause remanded.—*Reversed.*