AARON FLOYD, Appellant, v. E. MISNER et al., Appellees.

**BROKERS:** Compensation—Evidence—Sufficiency. In a controversy between rival brokers over the right to a conceded commission, evidence reviewed, and held sufficient to support a judgment for intervenor.

**BROKERS:** Compensation—Rival Claimants. A broker must recover his commission, if at all, on the strength of what *he* did under his contract with the owner, and not on the weakness of the case made by a rival claimant for the same commission.

*Appeal from Cass District Court.*—J. B. ROCKAFELLOW, Judge.

APRIL 1, 1918.

PLAINTIFF brought action against defendant Misner to recover commission alleged to be due for the sale of real estate. Intervenors claim that they were the ones who made the sale and were the efficient cause of bringing the seller and purchaser together, and that they were entitled to the commission. The defendant admitted liability to some-one, but denied liability to plaintiff. After a trial to the court, without a jury, the court found for the intervenors, and the plaintiff appeals.—*Affirmed.*

*A. M. Fagan,* for appellant.

*B. A. Goodspeed,* for appellees.

PRESTON, C. J.—1. The question presented is largely one of fact as to what the contract was, and which of the parties was the efficient or moving cause in bringing the parties together. Defendant listed his property with both plaintiff and intervenors, neither of whom had the exclusive right to sell. Plaintiff's claim is that defendant agreed to pay plaintiff the commission if he would find a

1. BROKERS: compensation: evidence: sufficiency.

purchaser for defendant's property, and that he procured a purchaser for the real estate, in the person of one Morrison. Intervenors claim that they procured the purchaser of said real estate in the person of said Morrison, who entered into a valid and binding written contract with the defendant Misner and that thereafter, Morrison became the purchaser thereof from Misner. Intervenors deny that plaintiff procured the purchaser, or in any way contributed to or in any manner participated in the sale of said real estate. The circumstances are not such as that Misner is liable to both plaintiff and intervenors, and we do not understand either of them to so claim.

It appears that, on August 4, 1916, plaintiff took Morrison to the Misner farm, and that Misner was present at the farm and went with plaintiff and Morrison over the farm and about the buildings. Morrison offered ·to trade his 80-acre farm in Guthrie County for the Misner 153 acres and pay the difference, but Misner refused to consider a trade. Morrison sold his 80 acres about September 4 or 5, 1916, and purchased the Misner farm September 5, 1916, after the written contract, which intervenors claim they were instrumental in procuring, was executed. Defendant listed his land for sale with plaintiff and intervenors at $160 per acre, cash, or not less than $4,000 down, payable on the first of the following March, and the assumption of a mortgage upon the property for the balance of the purchase price. After that, and about two weeks before the sale, defendant notified both plaintiff and intervenors that he had raised the price of the land to $165 per acre, cash.

We have given the substance of all that took place between plaintiff and defendant. It is true that the purchaser, Morrison, was not again shown the Misner land by intervenors or anyone else; but no further effort was made by plaintiff to bring Misner and Morrison together, and there was never any meeting between plaintiff and Morrison, and

no word ever passed between them after plaintiff had received notice from defendant of the raising of the selling price. About a month later, Morrison asked plaintiff what had become of the Misner farm, and plaintiff said he did not know whether Misner had sold the farm yet or not. Thereafter, Morrison was brought to Atlantic by intervenors, and finally, through their efforts, as intervenors claim, and as the court could have found from the evidence, signed a contract with Misner for the purchase of the farm at $165 per acre. Later, a deed was executed, pursuant to the contract.

Under the authorities, the minds of the vendor and the proposed purchaser must meet upon the terms of sale offered by the vendor. Under the record we have set out, it cannot be claimed that plaintiff procured the purchaser on defendant's terms, and sold the land at $165. We think, too, that the mere fact that plaintiff showed the property to Morrison, and did what the evidence shows he did do, was not sufficient to make him the efficient cause of the sale. The evidence tends to show, too, and the court could have so found, that plaintiff abandoned further effort to bring the parties together, after defendant had raised the price.

The purchaser, Morrison, testifies that he had thought of buying the defendant's land if he could sell his 80 acres, and that, at the time he signed the contract for defendant's land, he had not yet sold his 80 acres, and that he never offered defendant $165 an acre, and did not know the price had been raised, until informed thereof by intervenors; that plaintiff had never informed him of the raise, and that he had never offered defendant $165 an acre until he came to Atlantic with intervenors; that plaintiff never offered to take him to Misner after the raise; that plaintiff never gave him the terms that defendant accepted; and that plaintiff had nothing to do with his going to Atlantic or signing a contract; and that plaintiff never priced the land to him at $165. Defendant testifies that plaintiff did not procure

anyone who offered to buy the land on defendant's terms, and says that the purchaser did not make any offer, when on the place, and that he never had any offer from him other than the offer to trade the 80 acres, until he (Morrison) came to Atlantic with intervenors. Intervenors sold the Morrison 80 about a week after they had sold defendant's land to Morrison.

A case somewhat similar in its facts, and having a bearing, is the case of *Hunn v. Ashton,* 121 Iowa 265.

In so far as there is any conflict in the testimony, the finding of the trial court is binding upon us, there being sufficient evidence to sustain such finding.

It is thought by appellant that the evidence is not sufficient to show that defendant ever promised or agreed to pay intervenors the amount awarded by the court, or any other sum, or that the reasonable value of their services was the amount awarded. But we think this is a matter between defendant and intervenors, and is no affair of plaintiff's. Defendant has not appealed. Plaintiff is suing to recover his alleged commission; and before he can recover, he must prove his case, and show that he was the inducing cause of the sale.

2. BROKERS: compensation: rival claimants.

As bearing upon this proposition, see *Haswell v. Thompson,* 181 Iowa 248.

One or two other questions are argued, but they are of minor importance, and not controlling.

It is our conclusion that the judgment of the district court is right, and ought to be, and it is,—*Affirmed.*

LADD, EVANS, and STEVENS, JJ., concur.