STATE OF IOWA, Appellee, v. EDWARD LAWSON, Appellant.

**WITNESSES:** Cross-Examination—Corrupt Conduct. A witness may, on cross-examination, be impeached by a showing that he has been guilty of corrupt conduct,—for instance, attempted subornation of perjury,—in connection with the litigation on trial.

*Appeal from Polk District Court.*—CHAS. HUTCHINSON, Judge.

APRIL 2, 1918.

THIS is a prosecution for adultery, the prosecuting witness being the injured husband. There was a verdict of guilty, and the defendant appeals.—*Reversed and remanded.*

*J. D. Laws,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, and *Ward C. Henry,* County Attorney, for appellee.

EVANS, J.—I. The defendant is an unmarried man. The indictment charged him with adultery committed with

Susan Ruby, the wife of Jacob Ruby. His plea was "not guilty." The principal witness for the State was Susan Ruby. It is earnestly contended that there was no corroboration, and that, therefore, the verdict is without support in the evidence. The circumstances which surrounded the parties, as they appear in evidence, furnish sufficient corroboration to satisfy the requirements of the statute. That being so, we cannot hold that the verdict is without support in the evidence.

II. The State examined the prosecuting witness, Jacob Ruby. On ·cross-examination, the following occurred:

"Q. I will put this question: 'Did you not state to John Monday, in the middle of October last, at his house in Highland Park, in this city, that you would give $50 if he would swear that he caught your wife, Susan Ruby, and Edward Lawson at what is known as the old Nigger House up there in Highland Park?' (Objected to as not cross-examination. Sustained and excepted to. State further objects to this line of questioning. 'Counsel knows it is absolutely improper.') Court: Yes, Mr. Laws, we do not want any more along that line. If you have evidence to that effect, you have a right to show it when your turn comes, and they can deny it when they want to by this man. But you have no right to bring it in now, Mr. Laws. Mr. Laws: The object, if the court please— The Court: I do not care for any reason. If you have any further questions, ask them. Mr. Laws: It is on the ground of impeachment. Court: That is not ground for impeachment. He has not made any statement along that line. You cannot impeach a man for something he has not said. Mr. Laws: It is to ·lay the foundation and prove he did say it, when the time comes, is the object. Court: You' cannot lay it on cross-examination."

The foregoing is the basis of one of the errors relied on for reversal. It is urged that the court erred in refusing

to allow the proposed cross-examination, it being intended thereby to impeach the witness, by showing an attempt by him to suborn a witness. The ruling of the court appears to have been made under an impression that the witness could be impeached only by a showing of inconsistent statements on his part. This was an erroneous impression. It was proper cross-examination of the witness to show corrupt conduct on his part pertaining to the prosecution, and this would include an attempt to suborn a witness. It goes without saying that such a showing would affect the credibility of the witness, and in that sense tend to impeach him. In the light of the whole record, the exclusion of this cross-examination does not appear to us non-prejudicial. The judgment of conviction must, therefore, be reversed, and it is so ordered.—*Reversed and remanded.*

PRESTON, C. J., LADD, GAYNOR, SALINGER, and STEVENS, JJ., concur.