STATE OF IOWA, Appellee, v. RUSSELL MARTINSEN, Appellant.

**WITNESSES:** Impeachment—Offer to Drop Prosecution. It is proper on cross-examination to ask a witness if he has not negotiated for money as a consideration for dropping the prosecution.

**SEDUCTION:** Elements—Deception. Deception is an essential element of seduction.

*Appeal from Audubon District Court.*—EARL PETERS, Judge.

DECEMBER 11, 1924.

THE defendant was convicted of the crime of seduction, and appeals.—*Reversed and remanded.*

*Louis Vogt* and *Parsons & Mills,* for appellant.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *H. J. Mantz,* for appellee.

VERMILION, J.—Frank Miller, the father of the prosecutrix, was called as a witness by the State, and testified to facts tending to corroborate her and to connect the defendant with the commission of the offense charged. On cross-examination, he was asked if he had not said to the defendant's father, John Martinsen, that,

if the latter would pay him $2,500, he would hush the matter up, and nothing further would come of it. Upon objection that the question was not proper cross-examination, he was not permitted to answer. The defendant offered to prove by John Martinsen that Miller offered to suppress the prosecution and testimony with reference to the pregnant condition of his daughter, on the payment to him of $2,500. On the objection of the State, the testimony was excluded. In these rulings there was manifest error. The matter inquired about went to the interest of the witness, and affected his credibility. It is not clear whether it was claimed that the statement was made in the presence of the prosecutrix or not. If she was not present, or the alleged statement was not shown to have been authorized by her, the proffered testimony should, of course, have been limited to its effect upon the credibility of the witness Miller. The error in the ruling is emphasized by the fact that there was testimony on behalf of the defendant that the prosecutrix had, at her first interview with the county attorney, stated that another man than the defendant was responsible for her pregnancy; that he had raped her. Miller claimed to have been present with his daughter on this visit to the county attorney; and, while both he and the prosecutrix denied that she made such a statement, the jury might have found that she did make it in his presence, in which case testimony that he offered to suppress the charge against the defendant for a consideration might well have affected the credit to be given his testimony in support of the charge, and was, in a sense, contradictory of it.

There was no sufficient exception to an instruction complained of. We may say, however, that the instruction appears to be susceptible of the construction that seduction might be accomplished by a promise that was not false, and in that respect to run counter to *State v. Hamann*, 109 Iowa 646.

2. SEDUCTION: elements: deception.

In view of a retrial, we refrain from comment on the evidence, or from a determination of the sufficiency of the corroboration or of the evidence to sustain the verdict.

We should, perhaps, add that the county attorney appears to have taken no part in the prosecution.

Because of the erroneous exclusion of testimony, as pointed

out, the judgment must be reversed, and the case is—*Reversed and remanded.*

ARTHUR, C. J., and EVANS and STEVENS, JJ., concur.