O. S. DURR, Appellee, v. CLEAR LAKE PARK COMPANY, Appellant.

FEBRUARY 14, 1928.

*Senneff, Bliss, Witwer & Senneff,* for appellant.

*Blythe, Markley, Rule & Clough,* for appellee.

EVANS, J.—The court construed the pleadings to put upon the defendant the burden of proving cause for the discharge of the plaintiff. The defendant introduced evidence tending to show that the plaintiff was guilty of keeping intoxicating liquors upon the defendant's premises, and to some extent of dispensing the same to others; and that the plaintiff himself used such intoxicating liquors, and as a result was frequently intoxicated, and unfit to transact business. Evidence was introduced, also, which tended to show other breaches of the contract, which we shall have no occasion to consider. Instructions 6 and 7 given by the court to the jury were as follows:

"6. You are instructed that, in cases of this kind,—that of master and servant,—the servant owes to his employer fidelity and such conduct as is reasonably calculated to promote the best interests of the company he represents, and to so act as to promote the confidence of the employer. And if the use of intoxicating liquor by the plaintiff at the time in question unfitted the plaintiff to the extent that, in performing his duties as general manager, his conduct and doings were such as reasonably to have led to loss or injury to the business of the defendant corporation, it was the right of the defendant corporation to discharge the plaintiff. Also, if it is established by the evidence that, at the time in question, the plaintiff did acts that were hostile or adverse to the interests of the defendant corporation, or if the plaintiff used the funds of said corporation wrongfully, or without right, and thus exposed the interests of the defendant corporation to danger of loss, even though none is in fact sustained, this would be a violation of an implied condition of the contract on his part, and, in such case, the plaintiff could rightfully be discharged by the defendant, and could not recover herein.

"7. You are instructed, however, as to the performance of a contract, that any breach of contract on the part of the employee may be waived by his employer, and that, if so waived by the employer, it cannot then be asserted against the employee, to prevent a recovery on his part under such contract, or to justify a breach of such contract on the part of the employer, if any. So that, if you find from the evidence that, at or near the close of the season of 1923, charges were made and preferred against the plaintiff, and that such charges were taken up by and before

the board of directors of the defendant corporation, and that the same were then discussed and passed upon by the said board of directors, and the said board of directors voted, and decided that said charges should not be sustained, and that the plaintiff thereafter continued as general manager of the defendant company, under rules then adopted for the future conduct of the plaintiff as such manager in the employ of the defendant corporation, then, in that event, such action on the part of the board of directors of the defendant company should be considered by you in determining whether or not such action on their part constituted or was intended by them to constitute a waiver by them of any right to discharge the plaintiff as its manager because or on account of any of the matters contained in said charges and then taken up, discussed, and passed upon at that time by such board of directors.''

The particular complaint is directed against Instruction 7. The pleadings consisted of petition and answer. The answer justified the discharge by pleading certain breaches of the contract by the plaintiff, as being good causes for the discharge. There was no reply to the answer, nor was there any pleading by the plaintiff of waiver of any of the causes pleaded by the defendant. It appeared from the evidence that the resolution of discharge of the plaintiff was had in March, 1924. The defendant is a corporation, which owns and operates an amusement park at Clear Lake. The plaintiff was under employment as its general manager, under a five-year contract beginning January 1, 1921, at a salary of $2,000 per year, for services to be rendered by the plaintiff between April 1st and October 1st of each year. It was a part of the history of the relations between plaintiff and defendant that charges had been preferred against the plaintiff by one Ritz, and that these were considered by the board of directors in the afternoon of September 28, 1923. The charges were not at that time sustained. This is the event which is referred to in Instruction 7, above quoted. In justification of this instruction, the plaintiff contends that the parties made a voluntary issue of waiver (though none was pleaded) by introducing evidence of this event, and that this voluntary mutual conduct of the parties' dispensed with the necessity of pleading the issue. We have examined the record, as bearing upon this contention. We find no evidence introduced by the defendant

which was not properly receivable on the pleaded issues in the case. The directors of the defendant were witnesses on the trial, and the question of consistency between their present evidence and their conduct as directors on September 28, 1923, in dismissing the charges then made, was a pertinent inquiry. Counsel for plaintiff properly made the most of it on cross-examination of such witnesses. The circumstance bore legitimately upon the weight of their evidence. We find nothing in the record which fairly apprised the defendant that a claim of waiver was predicated by the plaintiff upon such event, or that would indicate the consent of the defendant to try an issue of waiver. Manifestly, if the facts recited in the instruction had been pleaded by the plaintiff as a waiver of the breaches relied on, the defendant could then have directed evidence to that particular issue. Though we have frequently sustained judgments on the theory that an issue was voluntarily tried without pleading, we have never gone so far as to hold that a voluntary issue outside of the pleadings may be made by the mere introduction of evidence that is competent and proper upon the issues pleaded. Such a holding might readily involve litigants in fatal surprises. We are of the opinion, therefore, that Instruction 7 should not have been given, and that it was clearly prejudicial to the defendant. Other errors assigned need not be considered.

In view of a new trial and a possible amendment of the pleadings, we perhaps ought to say that Instruction 7 was not accurate in its statement of the law of waiver, as applied to the evidence in the case. Though it be true that an employer, by continuing employment after knowledge of the breach of duty of the servant, is deemed thereby to waive his *right to discharge* for such known breach, yet he is not thereby deemed to waive the duty itself or the breach of it. If there be subsequent infraction by the servant, he loses the right to claim the former waiver, and renders his whole record again available to the employer as a ground of discharge. This is the rule recognized by the authorities cited in plaintiff's brief. *Daniell v. Boston & M. R. Co.*, 184 Mass. 337 (68 N. E. 337). There was some evidence tending to show subsequent infraction, and other infraction not previously known to the defendant.

For the reason here indicated, the judgment below is reversed,—*Reversed.*

STEVENS, C. J., and FAVILLE, ALBERT, MORLING, and WAGNER, JJ., concur.