Lewis E. STARRY, Appellee, v. STARRY & LYNCH et al, Appellants.

No. 39379.

MAY 7, 1929.

*Park Chamberlain* and *Donnelly & Lynch,* for appellants.

*George C. Gorman,* for appellee.

WAGNER, J.—The note in suit, in the amount of $17,000, was executed on or about the 1st day of August, 1920. The signatures thereon are ''Starry & Lynch, W. Starry, Glenn Lynch.'' It represents a portion of the purchase price of the interest of the plaintiff in the estate of his father, who died intestate July 22, 1920, leaving Mary J. Starry as his surviving widow, and his two sons, the plaintiff, Lewis E. Starry, and the defendant Wilbert Starry, and a granddaughter, Edith Hoff, as his sole heirs at law. The widow and the other two heirs executed unto the defendant Wilbert Starry deeds for their interests in the real estate left by the decedent, and also an assignment of their interests in the personal property. The purchase price of the plaintiff's interest in said estate, as agreed upon, was $25,000, and two notes were executed, signed as aforesaid, one in the amount of $8,000, due March 1, 1921, and the note in suit, which was made payable March 1, 1928, but which, by reason of an acceleration clause for nonpayment of interest, became due March 1, 1927. The signature ''Starry & Lynch'' was made by Starry, the father-in-law of Lynch. The $8,000 note has been paid. Judgment by default has been rendered against the defendant Wilbert Starry for the amount due upon the note in suit. The defendant Lynch, for himself individually, and for the defendant ''Starry & Lynch,'' in so far as it is sought to assert any claim

against him under such designation, admitted his signature to the note, but pleaded want of consideration, alleging, in substance, that said note never had any binding effect upon him; that he is not indebted to plaintiff thereon in any sum whatever; that, prior to the signing of Exhibit 1 (the note in suit) by him, an arrangement had been entered into between plaintiff and defendant Wilbert Starry, whereby the said Wilbert Starry agreed to purchase the interest of the plaintiff in the real and personal property of which Lewis Starry died seized, and plaintiff agreed to accept therefor the promissory notes of Wilbert Starry in settlement of the purchase price; and that thereupon the plaintiff transferred his interest in said property to Wilbert Starry, who accepted and received the same and instruments of conveyance, on or about the —— day of August, 1920, and thereby became obligated to deliver to plaintiff his promissory notes for the amount of the agreed purchase price; that thereupon the defendant Wilbert Starry executed said notes, including Exhibit No. 1 (the note in suit), and requested the defendant to sign same, which he did; that said notes were delivered to plaintiff, but that there was no arrangement between plaintiff and defendant Wilbert Starry for this defendant to sign said notes; that plaintiff made no request, and was entitled to make no request, for any other signature thereto than that of Wilbert Starry; that plaintiff, under the arrangement, was obligated to receive the notes signed only by Wilbert Starry, in full settlement of the purchase price for said property; that he never had or received any interest in the property; that the signatures on said notes, except that of Wilbert Starry, were without consideration, and placed thereon without any agreement for them, and were in excess of the signature contemplated and agreed upon between plaintiff and defendant Wilbert Starry; that the entire arrangement was between plaintiff and Wilbert Starry, and is the sole contract of the said Wilbert Starry; that there never was, and is not now, any such firm or association as "Starry & Lynch."

The testimony of the defendants Wilbert Starry and Glenn Lynch is in accord with the allegations of the aforesaid affirmative defense, while the testimony in behalf of the plaintiff is in denial of the same. Judgment was rendered in favor of the plaintiff, upon the following verdict returned by the jury:

"We, the jury, find for the plaintiff, and against the defendants Glenn Lynch and Starry & Lynch, and fix the amount of his recovery at $17,850, with 8 per cent interest from March 1, 1927."

From said judgment, the defendant Lynch appeals. The appellant's assignments of error relate to the rulings of the court on the introduction of testimony, and the overruling of his exceptions to certain instructions given by the court.

The import of the testimony of Glenn Lynch was that he had nothing to do with the transaction by which, as he claims, Wilbert Starry became the owner of the interest which the plaintiff had in his father's estate, and it tends to support his affirmative defense of want of consideration for his signature to the note.

It is the contention of the appellant that his objections to certain questions propounded to him and Wilbert Starry should have been sustained, and that the court permitted impeachment  of said two witnesses on immaterial and collateral matters. On cross-examination, Lynch was asked whether, in a certain conversation relative to the payment of the note, he made any denial of his liability upon the note, and his objection to the question propounded was overruled, and his answer was:

"I don't remember any conversation that we had about the note. I remember Mr. Gordon and Irel [Starry] being there in March of this year and having a talk about the note at the bank."

The court, over appellant's objection, subsequently permitted testimony by the witnesses present, to the effect that, at that time and place, there was no denial of liability or claim of nonliability made by the appellant. There is no justification for the contention of the appellant at this point. Conduct of a party inconsistent with his contention at the trial is admissible as tending to show that the latter is an afterthought. Where the defendant by his pleadings and testimony denies liability, it is proper to show that he made no denial on a particular occasion when a denial would have been natural. See *Geddes v. McElroy*, 171 Iowa 633. In 16 Cyc. 954, it is aptly stated:

"Conduct of a party inconsistent with his present contention may tend to show that the latter is an afterthought, and

proof of such conduct is therefore competent as an admission. Thus, where a defendant denies liability, it may be shown that he made no denial on a particular occasion when a denial would have been natural * * *.''

If, at the time of the conversation relative to the payment of the note, he considered that he was not liable for its payment, whether for want of consideration or otherwise, *it would have been natural for him to have denied liability.* It is quite apparent that the testimony is admissible.

On cross-examination, Lynch was asked (1) if, at a time and place fixed, he had not stated to the plaintiff and his son, Irel, that he did not see how he and Wilbert Starry could pay the next March interest on this $17,000 loan; (2) if, at a time and place fixed, he had not stated to Gordon and Irel Starry that he never signed his name to anything that he did not expect to stand back of, or that in substance, in referring to the $17,000 note; (3) if, at the same time, he did not state to them that he did not see how he and Mr. Starry were going to be able to pay the $17,000 note. The appellant's objections to the aforesaid questions were overruled, and Lynch answered each of said questions in the negative. Over the objections of the appellant, the witnesses present at the times and places referred to, were permitted to testify as to appellant's affirmative declarations with reference thereto. There was no error at this point. The chief object of cross-examination is to weaken the credibility of the witness, and it is permissible to attack the same by a showing that, at other times and places, he has made statements which are inconsistent with, or contradictory to, the testimony which he has given. *In re Estate of Champion,* 190 Iowa 451; *Hall v. Incorporated Town of Manson,* 99 Iowa 698; *DuBois v. Luthmers,* 147 Iowa 315; *Roberts v. Morse,* 190 Iowa 1344; *O'Neil v. Redfield,* 158 Iowa 246.

The contention of the appellant that the impeachment was allowed upon an immaterial and collateral matter cannot be sustained. The appellant was contending, at the time of the trial, that there was no consideration for his signature to the note. If there was no consideration for his signature, then he was not liable for its payment, and his admissions of liability are antagonistic to his present contention. Moreover, his statements as to

liability are admissible, not only for impeachment purposes, but as admissions. *O'Neil v. Redfield,* 158 Iowa 246; *Streblow v. Sylvester,* 195 Iowa 168; 22 Corpus Juris 299, Section 328. Lynch could have offered an explanation, if he had one, as to his inconsistent statements and conduct. 22 Corpus Juris 320.

Wilbert Starry also gave testimony in behalf of the appellant; and, upon proper foundation laid for impeachment, testimony of other witnesses was introduced, to the effect that he had, at other times and places, made statements inconsistent with the import of his testimony on the trial. What has heretofore been said upon the subject of impeachment, with reference to inconsistent statements made by Lynch, is equally applicable to the testimony of Starry.

However, Starry was asked, on cross-examination, whether, at other fixed times and places, when in conversation relative to the payment of the note, he had made any claim that Lynch was  not liable thereon. The appellant made proper objection to the question, which was overruled, and the witness answered in the negative. The appellee was allowed, over appellant's objection, to introduce testimony of other witnesses, to the effect that, in conversations with Starry inquired about on cross-examination, he made no claim that Lynch was not liable on the note. In the conversations relative to the note and its payment, he made no denial as to the liability of himself, and makes none now. We see no occasion for or duty resting upon him in the conversations referred to, and under the circumstances, it would hardly be *natural* for him to deny the liability of Lynch. Any denial of Lynch's liability was for Lynch alone. Appellant's objections to the questions asked of the witness Starry and to the questions of appellee's witnesses, as to this class of testimony, should have been sustained, and the ruling of the court with reference thereto constitutes error, and should be avoided on the retrial of the case.

Appellant's remaining assignments of error are with reference to the instructions of the court. Instruction No. 3, consisting of three sentences, is as follows:

"You are instructed that, if you find, under the evidence, that the defendant Glenn Lynch made no denial of liability on said note on previous occasions when a denial would have been

natural, if he thought himself not liable thereon, you have the right to take such evidence into consideration as bearing on the credibility of defendant's testimony as a witness in this case. For such purpose only, may you consider such evidence as there may be before you, if any, relative to the defendant Wilbert Starry making no denial of the liability of Lynch on previous occasions. Such testimony is only to be considered as bearing upon the credit which you will give to the testimony of the said Glenn Lynch and Wilbert Starry.''

From what we have heretofore said relative to the admissibility of the testimony, appellant's exception to the first sentence of said instruction is not well taken. The remainder of the instruction is ambiguous, and would be especially so to a lay member of a jury. It is not clear as to what the jurors might take into consideration in determining the credibility of Starry and in determining the credibility of Lynch. The statements of Starry contradictory to the import of his testimony could be considered in determining his credibility as a witness, but not the credibility of Lynch. The doubt, uncertainty, and confusion arising by reason of the phraseology in which the instruction is couched constitute error.

In Instruction No. 4, the jury were told that, if they found from the evidence that, under the terms of the agreement between the plaintiff, Lewis E. Starry, and Wilbert Starry, the plaintiff was to accept notes signed by Wilbert Starry alone, then and in such case, any statements or declarations which the defendant Glenn Lynch may have made to the plaintiff or to others respecting the said notes or the payment thereof could not be considered by them, ''except for the purpose outlined in Instruction No. 3,'' and such statements or declarations would not create any liability on the part of the defendant Glenn Lynch on the note sued on. This instruction is also confusing and ambiguous, and cannot be justified. It is true that the declarations of Lynch might be considered as admissions by him, and also for impeachment purposes. It is also true that the jury might find that the defense of want of consideration has been established, regardless of Lynch's admissions, and regardless of any impeaching testimony there might be against him. It was for the jury to say whether he had been impeached, and whether

he made the admissions, and, even so, whether his defense had been made out. Instruction No. 3 deals with the subject of the credibility of both Starry and Lynch as witnesses. For impeachment purposes, the admissions or inconsistent statements of Lynch apply only as to him as a witness. The instruction considered with Instruction No. 3 is confusing, and cannot be upheld.

The court submitted two forms of verdict, one of which was returned by the jury, and is hereinbefore set out. The remaining form submitted was: ''We, the jury, find for the defendants Starry & Lynch and Glenn Lynch.'' The appellant complains because of the forms of verdict submitted. It is true that the court in a former instruction told the jury:

''There has been no evidence introduced in this case from which you could find any partnership relation between the defendant Glenn Lynch and Wilbert Starry, and if you find * * * that the plaintiff had agreed to accept notes signed by Wilbert Starry alone, in settlement for the agreed purchase price of the plaintiff's interest in the property, then the fact that Wilbert Starry signed the name 'Starry & Lynch' to the note sued on does not create any liability against the defendant Glenn Lynch, and the sole party liable upon said note, if the said facts are found by you, would be Wilbert Starry.''

While it is true that judgment had been rendered against Starry, the jury were not so told. The sole issue for determination was between the plaintiff and Lynch. The uncontradicted evidence, as disclosed by the record, is that there is no legal entity known as Starry & Lynch, against which judgment could be rendered. The jury could well have inferred, from the forms of verdict submitted, that a finding as to Lynch would be a finding for Starry. The court should have permitted the jury to find a verdict either for or against the defendant Glenn Lynch without any mention therein of the name of Starry.

It is not for us to determine the facts. By reason of the confusing and misleading statements in the foregoing instructions and the forms of verdict submitted and the introduction of the inadmissible testimony hereinbefore mentioned, we cannot

hold that the defendant Glenn Lynch has had a fair trial, in conformity with the law.

For the foregoing reasons, the judgment of the trial court is hereby reversed.—*Reversed and remanded.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.