THEODORE J. BASCH, appellee, v. IOWA POWER AND LIGHT COMPANY, appellant.

No. 49631.

(Reported in 95 N.W.2d 714)

APRIL 8, 1959.

REHEARING DENIED JUNE 12, 1959.

Gamble, Read, Howland, Gamble & Riepe, of Des Moines, and Ross, Johnson, Northrop, Stuart & Tinley, of Council Bluffs, for appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee.

THORNTON, J.—Defendant appeals from a judgment of $2250 for the taking of an easement for 161,000 volt transmission line over plaintiff's land. The easement is 100 feet wide, 1880 feet long and contains 4.3 acres. It runs in a northeasterly and southwesterly direction across the southeast portion of 160 acres of plaintiff's land. This 160 is separated from the other portion of plaintiff's farm by Highway No. 100. The farm buildings are in the portion of the farm not touched by the easement. The transmission-line easement has three two-pole structures.

Defendant contends the trial court erred (1) in restricting the cross-examination of one Harry Anderson, a value witness for plaintiff, and (2) in the excluding of the testimony of defendant's witnesses as to their experience in cultivating crops around transmission-line structures similar to those on plaintiff's land. We will deal separately with these contentions.

I. The first arose as to plaintiff's value witness, Anderson, who testified on direct examination that he farmed land adjoining plaintiff on the west. He was familiar with plaintiff's land and with sales in the area. He was familiar with two sales, each for $1000 per acre. He had bought and sold land in the area, and in his opinion the fair and reasonable market value of plaintiff's 360-acre farm immediately before the condemnation was $270 per acre and $250 per acre thereafter.

On cross-examination he testified he owned seven farms in the area. On his 78 acres just south of the highway he has two two-pole structures located in tillable soil farmed on the contour, a part of the same transmission line. Early in 1956 two representatives of defendant discussed with him what would be fair payment for taking of an easement over this land for transmission-line purposes. He was then asked the following four questions:

1. "I'll ask you Mr. Anderson, if in the conversation that you had with Mr. Wright and with Mr. Slade shortly after January 1, 1956, you did not state or state in substance that you regarded a formula which took into account the payment of 60% of the value of the easement strip, the land subject to the easement·strip plus $120 per set of two poles constituted a reasonably fair, just and adequate payment for the taking of the transmission-line easement?"

2. "I'll ask you this question, Mr. Anderson. Is it not true that in connection with the taking of a transmission-line easement across your 78 acres located south of Highway 100 that you stated in substance that a total payment for two structures of two poles each of $380 per structure following the formula referred to in the last preceding question constituted a reasonably fair and adequate price for the taking of a transmission-line easement?"

3. "Let me ask you this question, Mr. Anderson, is it not true that you executed to Iowa Power and Light Company voluntarily an easement for transmission-line purposes across the 78 acres owned by you located south of Highway 100 for a consideration of $770?"

4. "Is it not true that in executing the easement granted to Iowa Power and Light Company the formula already discussed and referred to in preceding questions was used and applied in arriving at the figure at which the settlement was effected?"

Objections to these questions as incompetent, irrelevant and immaterial and not proper cross-examination were sustained in each instance.

The court properly sustained the objection as to question three above. The price paid by the condemnor for other tracts taken for the same project has been held by this court to be unduly prejudicial. Wilson v. Fleming, 239 Iowa 718, 31 N.W.2d 393, and authorities therein cited.

The sustaining of the objections to the other three questions was reversible error. By so ruling the court denied defendant the right to show prior inconsistent statements and actions of the witness which would bear directly on the weight

and credit to be given to his testimony in chief. This court in State v. Matheson, 130 Iowa 440, at page 448, 103 N.W. 137, 140, 114 Am. St. Rep. 427, 8 Ann. Cas. 430, states the rule as follows:

"But the great weight of authority seems to support the proposition that if there is an inconsistency between the belief of the witness, as indicated by his previous declarations, and that which would naturally be indicated by his examination in chief, such previous declarations may be shown, although they are not directly contradictory of any specific statement made on his examination in chief." (Citing cases)

The cross-examining party should not be denied the right to cross-examine and impeach or lay the foundation for impeachment of a witness as to a material part of his testimony in chief. Starry v. Starry & Lynch, 208 Iowa 228, 225 N.W. 268; State v. Lawson, 183 Iowa 344, 166 N.W. 1046; Durr v. Clear Lake Park Co., 205 Iowa 279, 218 N.W. 54; State v. Martinsen, 198 Iowa 1325, 201 N.W. 1; 98 C. J. S., Witnesses, sections 379 and 390; 58 Am. Jur., Witnesses, sections 611 and 767. That the cross-examination went to a material part of the witness's value testimony is apparent. If permitted to answer the witness could have affirmed, denied or explained his statements and conduct. The examination should have been allowed.

II. The second contention arose on the examination in chief of defendant's witness Carl Green. The plaintiff and his witnesses testified in detail as to the inconvenience and difficulty of farming in proximity to the poles, also as to the loss of crops, and knocking down corn. Green testified he owned and operated a 379-acre farm on which was located a transmission line similar to the one on plaintiff's farm, and to his use of machinery similar to plaintiff's. During the course of his examination in chief the witness Green was asked the following questions:

1. "Q. Well, now, in the operation of your farm Mr. Green, tell us what, if any, difficulty you have had with respect to these two-pole structures and that one three-pole structure?"

2. "Q. State whether or not the presence of this transmission-line easement interferes with the rotation of your fields?"

3. "Q. And state whether or not the presence of this power line easement interferes in any respect with your ability to operate that farm on a contour farming basis?"

4. "Q. Now, Mr. Green, state whether or not in your opinion the fair and reasonable market value of your farm has lessened by virtue of the existence of this transmission-line easement across your farm?"

5. "Q. Based on your experience as a farmer and the owner of this land, has the presence of this transmission-line easement across your farm had any measurable or material effect on the fair and reasonable market value of that farm?".

And on redirect examination he was asked the following question:

6. "Q. Did you have litigation in connection with those damages, Mr. Green?"

Objections to all of these six questions were sustained. Defendant then made an extensive offer of proof that if permitted to answer the witness would testify to slight inconvenience in farming around the structures, the amount of damages received by him for the easement, and that the amount of damages received was fair and adequate.

The objections to questions one, two and three were improperly sustained and we hold this was error. Evidence as to the great inconvenience and difficulty in farming with these structures in the tracts having been received on behalf of the plaintiff, the ruling here denied the defendant the right to refute this testimony. This right should not be denied a litigant where the questions asked and the evidence offered fairly tend to refute the evidence received on behalf of the other party.

The plaintiff here urges the testimony is incompetent, irrelevant and immaterial to any issue in the case because the witness was not familiar with plaintiff's farm and knew nothing as to how the structures interfered with plaintiff's farming. Defendant's witness A. R. Adams had testified to the substantial similarity of the structures in the two transmission lines. The factors with which the witness Green was not familiar and had no knowledge are proper subjects for cross-examination. To deny the right to make this showing except by a witness who has actually farmed or watched the farming of the land in ques-

tion is so restrictive as to deny the right entirely. Our holding here has support in the following cases: Maasdam v. Jefferson County Farmers Mutual Ins. Assn., 222 Iowa 162, 268 N.W. 491; Peterson v. McManus, 187 Iowa 522, 172 N.W. 460; Bremhorst v. Phillips Coal Co., 202 Iowa 1251, 211 N.W. 898; Canfield Lumber Co. v. Kint Lumber Co., 148 Iowa 207, 127 N.W. 70; Smith v. Rice, 178 Iowa 673, 160 N.W. 6.

The objections to questions four and five were properly sustained. The questions together with the offer of proof show this would inject issues wholly collateral to the inquiry before the court. Simons v. Mason City & Fort Dodge R. Co., 128 Iowa 139, 103 N.W. 129; Wilson v. Fleming, 239 Iowa 718, 31 N.W.2d 393.

Also the objection to question six was properly sustained. Here we get into the situation in In re Condemnation by the Iowa-Illinois Gas & Electric Co., 242 Iowa 534, 540, 47 N.W.2d 162, 165, wherein a witness for the defendant testified that out of 38 properties in the county, only in the case on trial were condemnation proceedings necessary. There the trial court granted a new trial and this court refused to interfere. We said there:

"It tended to inject into the case countless collateral issues. Its admission seemed to create substantial danger of confusing the issues or misleading the jury. The trial court would therefore have been justified in excluding it."

Defendant complains plaintiff opened the door by inquiring as to the fact that damages had actually been paid to the witness. The rule contended for by defendant does not extend to wholly collateral matters. An objection to the inquiry made by plaintiff could properly have been sustained. However, the trial court has discretion in such cases not to be led into a trial of countless collateral and confusing issues because the answer to one such question has been allowed without objection. See 20 Am. Jur., Evidence, sections 274 and 276.

Defendant made an offer of proof as to two witnesses not called. The offers were similar to the offer as to Green. The evidence refuting plaintiff's evidence as to the difficulty in farming around the structures is admissible as herein indicated.

The evidence of these witnesses as to the value of their farms as affected by the presence of the transmission line is properly excluded.—Reversed and remanded.

THOMPSON, C. J., and BLISS, OLIVER, GARFIELD, HAYS, LARSON, and GARRETT, JJ., concur.

PETERSON, J., takes no part.