SCROGGS FEED AND GRAIN Co., a corporation, appellee, v. CLAR-
ENCE VOS AND MAX ROSENSTOCK & Co., a partnership,
appellants, H. R. SCROGGS and J. T. SCROGGS,
individually and d/b/a HAWARDEN
FEED MILL, a partnership,
cross-defendants,
appellants.

No. 50702.

(Reported in 118 N.W.2d 543)

December 11, 1962.

Goldberg, Nymann & Probasco and F. E. Van Alstine, all of Sioux City, for appellants.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, of Sioux City, and Clayton B. Thompson, of Hawarden, for appellee.

Hays, J.—Plaintiff's business is the grinding, mixing and selling of feed for livestock. Defendants are engaged in feeding and selling of cattle. Through plaintiff's salesman John J. Riley, plaintiff sold feed to defendants, the same being mixed according to special formula designated by defendant Vos. This action is to recover the price of feed furnished defendants during June to August 1959. Defendants denied liability, claiming the feed furnished was not according to the special formula. Also by counterclaim defendants ask substantial damages on account of the death of 49 head of cattle and loss of profits on cattle, the same being due to adulterated feed furnished and which was fed to the cattle. Trial was to the court without a jury and resulted in a dismissal of the counterclaim and a judgment for the plaintiff. Defendants appeal.

Appellants assign four errors as a basis for a reversal: 1. Undue restriction upon cross-examination of appellee's witness Riley. 2. Prejudice of trial court preventing appellants obtaining a fair trial. 3. Unreasonable conditions on the calling of Riley as a court witness. 4. Wrongful taxation of witness fees as costs. It should be noted that no question as to the sufficiency of the evidence is involved, nor do appellants assert any specific rulings upon evidence as error. So far as assigned errors

are concerned, Nos. 1, 2 and 3 are actually treated as one, i.e., prejudice of the trial court preventing a fair trial. We will consider them as one assignment with three divisions.

■ I. It is claimed the cross-examination of appellee's witness Riley was unduly restricted. Riley testified to the agreement with Vos for the furnishing of a special feed, and also testified as follows:

"Q. What were your duties with the Scroggs Feed Mill?

"A. Well, I solicited in the feed business and sold feed.

"Q. Did your duties include being present in the feed mill at the time the feed was being mixed?

"A. No."

Appellants, claiming that by above testimony Riley denied any knowledge of how the feed was mixed or what was delivered to the appellee, sought by cross-examination to show that prior to the trial the witness had told appellants' counsel that the feed as mixed and delivered was not as ordered. This was apparently offered to impeach the witness. Over proper objection the witness admitted making such statements. The appellants were not permitted to find out why he changed his story. It appears that Riley was not subpoenaed by appellee but by the appellants. The specific testimony of Riley on direct examination, which is claimed to be the basis of the alleged impeachment, is as above set forth. We are unable to read into his statement of his duties anything even hinting as to what his knowledge of the mixing was or what he may have told others as to such knowledge. Appellants cite Eno v. Adair County Mut. Ins. Assn., 229 Iowa 249, 294 N.W. 323; Pickerell v. Griffith, 238 Iowa 1151, 29 N.W.2d 588; Basch v. Iowa Power & Light Co., 250 Iowa 976, 95 N.W.2d 714, in support of their contention. The cited cases announce the recognized rules pertaining to cross-examination and we agree therewith. However we fail to see wherein they aid appellants. We think the trial court was extremely liberal in the matter of the cross-examination of witness Riley.

■ II. They further claimed the trial court was partial to appellee and prejudiced against appellants. The record shows sort of a running battle between the court and Attorney Van

Alstine as to rulings made by the court with remarks made by both that would have been better not said. Several such clashes are briefly stated in the brief and the court is requested to examine the record for many more of similar nature. Nothing is to be gained by setting forth such matters. We have read the record and find nothing therein that was prejudicial or which shows any bias or prejudice upon the part of the trial court, especially since much of it was off the record and the trial was to the court without a jury. In passing it may be said that the trial court apparently was merely trying to keep abreast of counsel.

 III. Error is assigned based upon the restrictions placed by the court on the calling of Riley as a Court Witness. Appellants, stating that it was clear Riley was a liar and they could not vouch for him, asked the court to call him as a Court Witness. Upon the condition that he be examined only as to matters set forth in proffer of proof by appellants, was he so called. Such restriction is the basis for the complaint. In view of the fact that no duty rests upon the court to call such a witness even though requested by counsel (see McBride v. Dexter, 250 Iowa 7, 92 N.W.2d 443), but is discretionary, we find no merit to this complaint.

██ IV. Error is asserted in that the court in its judgment entry taxed, as costs against the appellants, expert witness fees and mileage of their witnesses. It is claimed such was in violation of section 625.14, Code of 1962, which provides for taxing "in favor of the party recovering costs the allowance of *his* witnesses". We merely call attention to the latter part of the same statute which states, "any further sum for any other matter which the court may have awarded as costs in the progress of the action, or may allow." Attention might also be called to the fact that no motion to retax costs was filed in the trial court.

We find no error and the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except STUART, J., who takes no part.